Hon. FÉLIX P. POCHÉ,
Hon. ROBERT B. TODD,
Hon. CHARLES E. FENNER,         } *Associate Justices.*
Hon. LYNN B. WATKINS,

---

### No. 9795.

### THE WORLD'S INDUSTRIAL AND COTTON CENTENNIAL EXPOSITION VS. THE NORTH, CENTRAL AND SOUTH AMERICAN EXPOSITION.

### ON INTERVENTION AND THIRD OPPOSITION OF SAM'L M. TODD ET AL.

Persons engaged to do the current manual or menial work to keep the grounds and the buildings on the same in proper order, have no privilege for the payment of wages which may be due them, which outranks that of the vendor for the discharge of the price of sale due him.

The appropriation of a sum of money, the proceeds of the judicial sale of effects, on which such persons have no privilege, is unauthorized, and is error in the judgment passing on the third oppositions of such claimants.

An appellee who prays for the reversal of the judgment appealed from, on its merits, waives thereby the right of asking a review by the appellate court of a decree in favor of appellants, overruling a plea of misjoinder filed by the plaintiff to their third opposition.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Gus. A. Breaux* for Plaintiff and Appellee.

*B. R. Forman* for Intervenors and Third Opponents, Appellants.

*E. M. Hudson* for the Receivers.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This controversy involves questions of conflicting privileges claimed by a vendor and by laborers, etc.

The suit is brought by the plaintiff to recover of the defendant a balance due, as the price of certain buildings, machinery and other effects put on the Exposition grounds in this city by plaintiff, as lessee or occupant.

*Pendente lite* an order was obtained for the sale of those effects, which had been sequestered.

A number of parties claiming to have kept the buildings and machinery in repair and preserved them from destruction, intervened, asking to be paid in preference to plaintiff as vendor.

Exceptions of *misjoinder* and other defenses were filed to the third oppositions. The exceptions were overruled.

On the merits the court rendered judgment in plaintiff's favor for $86.439 27, with vendor's privilege, in favor of O'Rourke, Ferguson, Bradburn, Richardson and Nelson together for $342, and of a number of opponents for $2634 50, to be paid *pro rata* out of $514 45 realized by effects, not found to have been sold by plaintiff, and the court dismissed the interventions of the other opponents not named in the judgment. The sale made by the sheriff, under the order of court, realized $79,211 10.

O'Rourke, Ferguson, Bradburn, Richardson and Nelson have neither appealed nor asked an amendment of the judgment; but Sam'l M. Todd and others named in the motion have appealed.

The plaintiff and appellee has answered the appeal, asking the reversal of the judgment on the merits for reasons specified. It is questionable whether the appeal taken by the opponents has brought up, for review, the decree overruling the exceptions, which was in their favor, anterior to and distinct from the judgment on the merits; but if it did, appellee had not asked for its reversal, and probably cannot question its correctness. The omission amounts to a waiver.

We are therefore relieved from passing upon it, and are required to test that of the judgment on the merits as far only as it affects the appellants,

Those portions of it which were rendered in favor of O'Rourke, Ferguson and the other three, and from which no appeal was taken, cannot therefore be revised.

Neither are we concerned with the *quantum* which the judgment allows to the opponents named in it and which does not seem to be disputed.

The only question submitted for adjudication is, whether the opponents have a privilege entitling them to be paid *anterior* to the vendor.

The district judge declined to recognize such privilege, but ordered them to be paid out of $514 45, the proceeds of effects, which he found had not been sold by the plaintiff.

In order to determine the question before us, it is necessary that the character of the parties appellant, who pretend to outrank the vendor, be first ascertained.

They represent themselves to be laborers and mechanics, engaged in keeping the buildings and machinery in repair, preserving from destruction by their labor the things out of which alone the plaintiff could be paid. They occupy the attitude of salvors.

The plaintiff, on the other hand, claims that the appellants are part of quite a large number of employees engaged to do the current simple manual or menial work at the Exposition, such as cleaning the grounds, sweeping and washing the floors, oiling the machinery, lighting the lamps, stopping leaks on the roofs, and similar matters, such as might be required by the ordinary course of things or some emergency.

The district judge so found, and an examination of the record does not enable us to differ in that conclusion.

The appellants refer to several articles of the Civil Code and to a number of decisions expounding and applying them; but, as they are neither servants nor domestics, nor artisans for labor on movables in their possession, nor livery stable keepers, nor feeders of slaves, nor warehouse keepers, nor workmen employed in constructing, rebuilding or repairing buildings; nor furnishers of supplies,—we are at a loss to perceive on what they predicate their claim for any privilege, particularly one outranking the vendor, who is allowed by law the first of all privileges, unless in carefully specified exceptional cases. Among these is not to be found that of the appellants, who must be viewed as ordinary employees engaged to keep a place in running order.

The only article in the Code under which the appellants could have claimed shelter, but to which they have not even referred, is Article 3267 (3234), which provides how the vendor, the workmen, and furnishers of materials, who have constructed or repaired, or provided

supplies, on a movable object unpaid for, shall be paid. That article places them apparently on an equal footing, with preference over the other privileged creditors of the debtor, even those for the funeral expenses; but not those incurred to procure the sale of the thing.

But, as this article applies only to the workmen and furnishers whom it mentions, it does not shield the appellants who are neither in the sense of the law.

The appellants, however, confidently point to Article 175 of the Constitution, which ordains the passage of laws to protect laborers on buildings, roads, railroads and other similar works against the failure of contractors and sub-contractors to pay their current wages when due and to make the corporations, company or individual for whose benefit the work is done, responsible for their ultimate payment.

They, besides, point to Act 134 of 1880, p. 183, passed in furtherance of that article and which enacts that laborers, workingmen, on buildings, streets, railroads, canals and ditches, and other similar works, when their services are engaged by the proprietor, or by his agent, upon any of the said works, shall have a first privilege upon the buildings, or other works upon which their labor has been bestowed.

Both the constitutional provision and the legislation in execution of it, have for their object to protect laborers against the failure of contractors to pay them, by making the obligee responsible and burdening the building or other work on which the labor was bestowed.

It cannot be pretended in this case that the opponents have constructed, rebuilt or repaired any of the buildings and other objects sold, and it is apparent that neither the convention nor the legislature ever intended to bring employees of the class to which appellants belong, within the purview of those provisions.

The district judge rendered judgment in favor of appellants, decreeing that the sum of $514.15, realized from the sale of effects in the architect's room and the property of defendants, be divided *pro rata* among the intervenors named in the judgment.

Of this, the plaintiff and appellee complains, in asking for the reversal of the *entire* judgment.

Even if the appellants are entitled to a privilege, it is surely not that of lessors and it cannot be perceived how they can be allowed to satisfy their claims out of the proceeds of effects, on which they are recognized to have no privilege and which are declared to belong to the defendant and not subject to the vendor's lien. It was error to consecrate those proceeds by the judgment, to the payment *pro rata* of the claims of the opponents.

It is, therefore, ordered and adjudged, that the judgment appealed from be amended by striking therefrom that portion of it which appropriates the sum of $514.15 to the payment of appellants, and that thus amended the judgment remain undisturbed and be affirmed with costs.