(106 So. 305)

No. 27399.

COMMERCIAL NAT. BANK OF SHREVE-
PORT v. BERNSTEIN et al.

In re COMMERCIAL NAT. BANK OF
SHREVEPORT.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Jury** ⚖14(2)—**Jury trial on notes properly ordered, where defendant complied with provisions of Code of Practice by filing supplemental answer alleging fraud and paying jury fee.**

In actions against alleged guarantor on notes, *held* judges properly ordered jury for trial of the case, where defendant complied with Code Prac. art. 494, by making oath to supplemental answer filed charging his signature to guaranty to note was obtained through fraud and error and without consideration, and by paying jury fee.

2. **Trial** ⚖13(1)—**Plaintiff suing on notes in which jury trial was properly ordered by judges not entitled to preference on hearing of case.**

Where guarantor, sued on notes, complied with Code Prac. art. 494, to secure a jury trial by filing supplemental answer alleging fraud and by paying jury fee, *held* that plaintiff, who had moved to have cases assigned for trial by jury as so ordered, was not entitled to have cases heard in advance of preference cases on the docket.

Separate actions by the Commercial National Bank of Shreveport, against E. M. Brown, Jr., and E. R. Bernstein, and against the Mohawk Oil Company and E. R. Bernstein. On motion of defendant E. R. Bernstein, trial by jury ordered, and plaintiff filed application for writ of mandamus. Respondent judges discharged from rule.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for relator.

Huey P. Long, of Shreveport, for respondents.

LAND, J.   Relator instituted suits Nos. 35338 and 35339 in the district court of Cad-

do Parish against E. M. Brown, Jr., and E. R. Bernstein in the first suit, and against the Mohawk Oil Company and E. R. Bernstein in the second suit, on certain promissory notes executed by E. M. Brown and the Mohawk Oil Company, and secured by the continuing guaranties of E. R. Bernstein to the amount of $25,000 and $100,000, respectively. The defendant, Bernstein, among the other defenses urged by him, alleges in his original answers to each of these suits that these guaranties were obtained from him by relator through fraud and ill practices, and without consideration.

On May 14, 1924, defendant Bernstein filed motions in each of said suits praying for trial by jury. These motions were followed on May 24, 1924, by supplemental answers, accompanied by the affidavit of defendant, deposing that his signature to the respective guaranties sued upon was obtained through fraud and error and without consideration.

On May 24, 1924, motion was made by defendant in open court and granted, to withdraw the previous motions for trial by jury, and that the supplemental answers stand in lieu thereof, and the jury deposit of $12 was paid by defendant.

On May 26, 1924, the exception to the motions for trial by jury was overruled and trial by jury allowed.

On March 4, 1925, relator filed a motion and prayer:

"That a jury be ordered and drawn for the trial of these consolidated cases on or before the 23d day of March, 1925, and that these cases be set down for trial, by preference and priority as the oldest cases on the docket, on the first day on which the jury is summoned to attend."

On March 28, 1925, a motion to vacate the order for trial by jury was filed by relator and on June 20, 1925, was overruled.

On July 15, 1925, relator filed the present application in this court for an alternative writ of mandamus ordering respondent judges of the district court of Caddo parish to

vacate the order for trial by jury heretofore entered in these cases, and to proceed promptly with the trial and determination of said cases, without the intervention of a jury, and, in the event this court should refuse the relief prayed for, then relator prays that respondent judges be commanded to call a jury for the trial of civil actions during the first week of its next succeeding term, beginning on the first Monday in October, 1925, and assign these consolidated cases for trial at said time.

This court then granted the following order:

"Let respondents, the judges of the First judicial district court, for the parish of Caddo, fix the consolidated cases herein mentioned for trial during the first civil jury week after October 1, 1925, or show cause to the contrary on the first Monday in October, 1925."

That this order grants all of the relief possible to relator is clearly shown by the following return made by the respondent judges of the district court of Caddo parish to the rule nisi issued herein:

"The proceedings in suits Nos. 35338 and 35339 of the docket of the said First judicial district court of Caddo parish, as will appear from a record of said cases, have been regular and valid; the orders and decree therein entered by your respondents have been legal and proper, and the records of said cases show on their face the regularity of your respondents' rulings.

"That under the pleadings filed in the said case, the defendant E. R. Bernstein was entitled to a trial by jury, under the law, all of which will be shown by the denials of plaintiff's allegations and special pleas and defenses set up by said defendant, Bernstein.

"That, as appears from the record herein, on application of the plaintiff, over defendant Bernstein's objection, the said cases 35338 and 35339 have been consolidated for trial, and, on said defendant Bernstein's application, trial by jury has been ordered."

"That there are several thousand cases on the docket of this court yet untried, and litigants are insisting on trial in many of them; that many of them are entitled to preference under the law. Should this court try cases 35338 and 35339 in advance of cases entitled to preference over them?"

"Your respondents consider that the defendant Bernstein is entitled to a trial by jury, which will be had in the district court in accordance with the court docket and the statutes and Constitution of the state regulating the form, manner, and time thereof."

The return of respondent judges makes it quite clear that the trial of these cases will be had in their regular order and with as much expedition as possible, considering the congestion in the trial court and the right to trial by preference of other cases.

[1, 2] Relator is not entitled under the law to have its causes disposed of in advance of preference cases, and must abide its day in court with the patience of other litigants.

Article 494 of the Code of Practice provides:

"That all suits against makers and indorsers of promissory notes, drawers, indorsers and acceptors of bills of exchange, and generally all suits brought on unconditional obligations to pay a specific sum of money, shall be tried without a jury, unless the defendant shall make oath that his signature to said note, or other obligation, is not genuine, or that he expects to prove that the same had been obtained through fraud or error, or want or failure of consideration, or in cases where the defendant in his answer may set up a plea of compensation or reconvention, and make oath to the truth of all the allegations in said plea or answer."

Defendant Bernstein has made oath to his supplemental answers, in which he charges that his signature to these guaranties was obtained through fraud and error and without consideration. He has tendered the jury deposit of $12, and, having fully complied with all the prerequisites prescribed by article 494 of the Code of Practice, respondent judges properly ordered a jury for the trial of the cases.

Relator itself subsequently acquiesced in said order by filing a motion to have these cases assigned for trial by the jury so ordered.

The return of respondent judges shows that it is not feasible to try relator's suits by jury, except in due course, owing to the large

number of pending cases entitled to trial by preference.

It is therefore ordered that respondents be discharged from the rule at the cost of relator.