LAND, J.
 

 Thrift' Homestead Association sued defendants, in three separate suits, upon three promissory notes secured by mortgage and vendor’s lien; two of these notes having been executed by Miss Irene J. Barrios and one by Cornelius W. Punéky.
 

 The first of the suits against Miss Irene J. Barrios was allotted to division C of the civil district court, presided over by Hon. E. K. Skinner, judge; the second suit against the same defendant was allotted to division A; and the suit against Cornelius W. Puneky was allotted to division E of that court.
 

 In the first suit against Miss Irene J. Barrios, demand was made for the sum of $1,575, based on a promissory note dated April 16; 1928, with interest and attorney’s fees; in the second suit against the same defendant, demand was made for the sum of $8,387.70, based on a promissory note dated September 17, 1927, with interest- and attorney’s fees; and in the suit against Cornelius W. Puneky, demand was made for the sum of $3,052.15, with interest and attorney’s fees.
 

 These loans are secured by vendor’s lien and mortgage on a duplex situated at Nos. 3920-22 Louisiana Avenue Parkway near Broad street, city of New Orleans, and on thirty-five lots of ground located in what is known as “Canal Street Subdivision,” Jefferson parish.
 

 In each of these suits plaintiff has prayed for judgment for the sum due with interest and attorney’s fees, and for recognition and' enforcement of its vendor’s' lien and special mortgage on the property subject to same.
 

 On motion of defendants, the three suits were consolidated for trial by Judge Skinner, presiding in section C of the civil district court, who also ordered that the joint answer and reconventional demand of defendants be filed; that plaintiff answer the interrogatories on facts and articles annexed to defendants’ answer; and that the case be tried by jury, as prayed for by defendants.
 

 Thereafter, upon separate motions of plaintiff, the above orders of Judge Skinner were rescinded by Judge Hugh C. Cage sitting in division A of the civil district court, the case having been assigned to him during the illness and absence of Judge Skinner. The rescission of these orders resulted in the case being taken from the “General' Jury Call Docket” and being placed upon “The Summary Docket,” and accordingly, the case was posted in “The Court Docket”- for hearing and determination on April 28, 1932, before Judge Cage, thereby denying to defendants, relators, their right to trial by jury.
 

 On the same date, April 28, 1932, defendants, relators, applied to this court and prayed that a writ of mandamus issue to Judge Cage, directing him to enter and reinstate the order of Judge Skinner under date of October 31, 1931, in the matter of “Thrift Homestead Association v. Irene J. Barrios and Cornelius W. Puneky, under No. 193 — 827 of the docket of the Civil District Court.”
 

 Defendants, relators, also applied to this court for a writ of prohibition directed to
 
 *577
 
 Judge Cage, restraining him from proceeding with the trial of this case without jury on the 2Sth day of April, 1932, or on any other date to which this case might be continued.
 

 We issued a rule nisi herein for the sole purpose of reviewing, under our supervisory jurisdiction, the question as to whether or not defendants are entitled to trial by jury.
 

 The answer of defendants to the demands of plaintiff is duly verified by oath, and sets up a plea of compensation, based upon the alleged right of defendants, under the by-laws of plaintiff corporation, to repay their indebtedness by surrendering, in part payment of the loans, the pledged shares at their cash value, that is, the amounts actually paid thereon, together with full dividends declared, and by paying in cash the difference between the cash value of the shares and the amount of the loan. Defendants also allege, in their answer, that any unpledged shares of plaintiff association may be used -in part payment of a loan at their cash value, and that these provisions are carried in the acts of resale and mortgage herein sued upon, and defendants cite section 10 of the by-laws of plaintiff corporation and section 11 of Act No. 120 of 1902 in support of the provisions relied upon by them.
 

 Defendants further allege that, prior to and subsequent to June 29, 1931, they did tender on several occasions unpledged stock to plaintiff association in part payment of their indebtedness, and duly informed the association that they were ready, able, and willing to 'pay the required number of its shares, and are still ready, able, and willing so to' do, and to pay the difference in cash, if not sufficient, if required by the association.
 

 In other words, relators contend that they borrowed from plaintiff association certain sums of money, and subscribed for a certain number of its shares, which were pledged to' secure the payment of their indebtedness and which were to be canceled when paid for; and, as further security, that they mortgaged their property in the city of New Orleans and in the parish of Jefferson; that, in the acts of resale and mortgage, there is an express stipulation that the borrower may repay his indebtedness by offering and surrendering any of the pledged and unpledged shares of the association, as provided in the by-laws of plaintiff association, and in section 11 of Act No. 120 of 1902, known as the Building and Loan Statute; that carrying out the option thus accorded borrowers, defendants, relators, offered a ténder of fully paid shares of plaintiff association sufficient in amount to pay the indebtedness due it; that this tender was refused and the present suits followed; and that the plea of compensation resulting from this offer of shares of plaintiff association, duly supported by oath, as the law requires, entitles defendants to trial by jury under the provisions of article 494 of the Code of Practice.
 

 This article provides that: “The plaintiff who wishes for a jury must pray for the same, either in his original petition, or by a supplemental petition, which must be presented before the suit be set for trial; provided, that all suits against .makers and endorsers of promissory notes, drawers, endorsers and acceptors of bills of exchange, and generally all suits brought on unconditional obligations to pay a specific sum of money, shall be tried without á jury,' unless the defendant shall make oath that his signature to said note, or
 
 *579
 
 other obligation, is not genuine, of that he expects to prove that the same had been obtained through fraud or error, or want or failure of consideration,
 
 or in cases where the defendant in his answer may set wp a plea of compensation or reconvention, and malee oath to the truth of all the allegations in said plea or answer.”
 
 (Italics ours.)
 

 It is clear that defendants, in order to make out a case that may be tried by a jury, must first set up in their answer, “a plea of compensation or reconvention,” and, secondly, “must make oath to the truth of all the allegations in said plea or answer.”
 

 One of the purposes of this oath is to enable the court to consider as true the allegations contained in the plea or answer, in determining whether the plea is really one “in compensation or reconvention,” or whether it is some other plea.
 

 Plaintiff urges most zealously that the “plea of compensation” tendered by defendants is, in fact, “a plea of payment.” This position is not well taken for the reason that, if we accept the allegations of “the plea of compensation” as true, the plaintiff has expressly agreed with defendants in the acts of resale and mortgage to allow them
 
 to offset,
 
 as against their indebtedness
 
 to
 
 plaintiff association, all amounts paid by defendants on the pledged shares of stock purchased by defendants from plaintiff association, and all unpledged shares of its stock, and to pay the balance, if any, in cash.
 

 In other words, defendants contend that the parties are mutually indebted, and compensation tak'es place to the amount of the respective sums due by each. Rev. Civ. Code, art. 2208. Whether such compensation takes place by mere operation of law, or by the convention of the parties, or by both methods, it is not now necessary for us to decide. But it is absolutely essential for this court to determine, here and now, whether the plea tendered by defendants is one of
 
 compensation
 
 or one of
 
 payment,
 
 since in the latter case defendants would not be entitled at all to a jury, and this would be the end of the ease as to that method of trial.
 

 What we have said here is based entirely upon the assumption of the truth of the allegations of defendants’ plea of compensation, and has no reference whatever to the actual merits of the case, which must be decided by the jury, to which defendants, in our opinion, are entitled, as they have complied with all the prerequisites prescribed by article 494 of the Code of Practice. Commercial National Bank v. Bernstein et al., 159 La. 792, 106 So. 305; Parish v. Holland, 166 La. 24, 27, 116 So. 580.
 

 It is therefore ordered that the order of Hon. Hugh C. Cage, judge of division A of the civil district court for the parish of Orleans, setting aside the orders of date October 31, 1931, of Hon. E. K. Skinner, judge of division C of said cdurt, be rescinded in so far as said order denies
 
 to
 
 defendants, relators, the right to trial by jury.
 

 It is further ordered that a writ of peremptory mandamus issue herein to Hon. Hugh C. Cage, respondent judge, directing him to order that this case be tried by jury on the plea of compensation herein tendered by defendants, relators; and directing
 
 him to
 
 transfer this case immediately from “The Summary Docket” to the “General Jury Call Docket” of said court.
 

 
 *581
 
 It is further ordered that a writ of prohibition also issue to 1-Ion. Hugh C. Cage, respondent judge, directing him to take no further proceeding in this ease on “The Summary Docket” of said court.