ODOM, Justice.
 

 Relator was made defendant in a civil suit,, and in his original answer prayed for trial by jury. He deposited with the clerk $12' as jury costs, and was ordered by the court
 
 *104
 
 to give bond in favor of the parish for $200 to cover the additional costs of the jury, as provided by section 13, Act No. 135 of 1898. The bond was approved, and on November 12, 1931, the judge ordered the case tried by jury. A jury was impaneled to try the case on May 25, 1933, and, due to its inability to agree on a verdict, the court ordered a mistrial on May 26, and dismissed the jury.
 

 On May 4,1934, counsel for Putnam & Norman, Inc., plaintiff, in the absence of counsel for defendant, relator here, asked in open court that the case be reset for trial on May 24, and it was so ordered. On May 10 counsel for defendant moved to set aside the as-signment on the ground that no provision had been made for the summoning and impaneling of a jury for the second trial. The motion to set aside the assignment was finally overruled, and it was .ordered that the case bo tried the second time before the court without the intervention of a jury.
 

 Counsel for defendant excepted to this ruling of the court, and, alleging that the ruling was erroneous, applied to this court for writs, which were granted.
 

 This being a civil proceeding, and the court having ordered that the ease be tried by jury, and one trial having been before a jury, which failed to agree, the question presented is whether the court could order a second trial before it without the intervention of a jury, in the absence of the consent of both parties.
 

 When the court ordered the case tried by a jury, it became a jury case. It was no longer a court ease; the court, by its order, having divested itself of power to try it. By making application at the proper time for trial by jury, and the application having been granted by the court, the defendant was vested with the legal right to trial by jury, and this right could not be divested without his consent, which was never given.
 

 In the case of Lewis v. Klotz, 39 La. Ann. 259, 1 So. 539, the defendant prayed in his answer for trial by jury, which was granted. AVhen the case was called for trial, the defendant, who had prayed for a jury, offered to waive it and go to trial before the court. To this, plaintiff’s counsel objected and the objection was sustained by the court. This ruling formed the basis of a bill of exception taken by defendant’s counsel. The court, in passing on the bill, said (page 265 of 39 La. Ann., 1 So. 539, 540): “The ruling was correct. The jury had been asked for by the defendant; the case had been put down as a jury case on the jury docket; the jury were in attendance to try the case. To have it thus tried, under the order rendered, was a right enjoyed by both parties to the suit, regardless of the question as to which party had applied for a jury; and, being thus a jury case, the jury could only have been dispensed with by the request or consent of both parties.”
 

 If a jury cannot be waived by the party who prays for it without the consent of the other, for the greater reason it cannot be dispensed with without the consent of the party at whose instance it was called.
 

 The reason for the rule is that, once the court orders a civil case tried by jury and sent to the jury docket, it is thenceforth a
 
 *106
 
 jury case, and its status as such remains unless, by consent of both parties or for reasons hereinafter recited, it is sent back to the court docket as a court case.
 

 This rule was first announced in Sweeny & Carr v. Barbin, 2 Mart. (O. S.) 48, decided in 1811. This rule was followed in Livaudais v. Spear, 10 La. Ann. 24, where it was held “that a right to a jury trial had been acquired which could only be waived by consent of both parties.”
 

 The situation presented in the latter case was somewhat out of the ordinary, but the court said:
 

 “The case cannot be distinguished from that of a jury awarded on the prayer of one of the parties; which, there 'is no doubt, that party is not at liberty afterwards to dispense with, unless with the consent of the opposite party”—citing Sweeny & Carr v. Barbin, 2 Mart. (O. S.) 48.
 

 In Warfield v. Hamlet, 28 La. Ann. 814, the court remarked:
 

 “Besides, a jury had been allowed in the case, and no trial could legally have been had without a jury, except by consent of parties.”
 

 Under neither 'section 13, Act No. 135 of 1898, nor articles 494 and 495 of the Code of Practice was there any limit set to the number of jury trials which might be had in a civil case when trial by jury had been ordered by the court. But the number of such trials is now limited to two in cases where there are mistrials and to three in any event, by Act No. 51 of 1908, page 52. Section 1 of that act provides:
 

 “That in any case where a jury has been prayed for by either party, and where the case has been tried twice by a jury without a verdict being reached, no further trial by jury shall be had, but the case shall be tried by the judge alone, the same as if no jury had been prayed for.”
 

 Section 2 of the same act provides:
 

 “That no judge shall have the right to set aside the verdict of a jury in the same ease more than twice, but should there be three jury trials of the same case, the third verdict shall not be disturbed by the trial judge, who shall render judgment thereon without entertaining an application for a new trial.”
 

 It is therefore clear that, in case the first jury fails to reach a verdict, there may be a second trial by jury, and that, in case the second jury fails to agree upon a verdict, then the ease goes back to the court docket, and “shall be tried by the judge alone, the same as if no jury had been prayed for.” It is clear also that there may be as many as three trials by jury if the first two verdicts are set aside by the court. But the judge cannot set aside the third verdict.
 

 The rule announced by the cases cited was not changed, but only modified, by the act of 1908, and it follows, therefore, that defendant was entitled to a second trial by jury.
 

 The trial judge, in response to the rule to show cause, stated as his reasons for refusing to order a second jury that counsel for defendant, while afforded opportunity and time to do so, made no request for a second jury and did not offer to furnish bond for the additional costs. Erom his returns it is clear that he recognized the rule to be that
 
 *108
 
 defendant was entitled to another trial by-jury, that he had not lost jurisdiction to require another bond to cover the additional expense, and that he would have ordered another jury had defendant’s counsel requested it and offered to give bond. But counsel for defendant were not present in court when the motion to have the ease set down for a second trial was made, although the judge as a matter of courtesy to them telephoned them before opening his court on that day asking if they had any matter which they desired to present, and they answered in the negative. The judge concluded that counsel did not care for another jury trial, and set the case down for trial by the court.
 

 The record does not disclose that counsel were notified that the case would be called up on that date for reassignment. And, while we agree with the judge that counsel should hare made known their desire for another jury, yet we think their silence should not, under the circumstances, be construed as a waiver of their right to trial by jury, which they had acquired under the court’s original order. They were never put in default, and, when notified by the clerk that the case had been set for- trial before the court, they objected, and their objection was overruled.
 

 For the reasons assigned, the writs heretofore granted are now made peremptory, and it is now ordered that the respondent judge order a jury for the trial of the case; provided that defendant furnish within a reasonable time to be fixed by the court an additional bond in such amount as may be deemed necessary to cover the additional expense, the bond and the securities to be approved by the court.