## PUTMAN & NORMAN, Inc., v. LEVEE.
### No. 1458.

Court of Appeal of Louisiana.
First Circuit.

March 25, 1935.

See, also, 179 La. 180, 153 So. 685; 180 La. 101, 156 So. 189.

Ferd. C. Claiborne, of New Roads, for appellant.

Fred G. Benton, of Baton Rouge, for appellee.

DORE, Judge.

Plaintiff-corporation sued defendant herein for a money judgment; defendant answered and prayed for a trial by jury.

The first jury trial ended in a mistrial and the jury was dismissed. Upon the case being refixed, the defendant objected to the trial of the cause by the judge for the reason that he had formerly prayed for a trial by jury. His objections were overruled, and defendant applied for writs of mandamus and certiorari commanding the lower court to grant him a trial by jury.

This court decided that the ruling of the court was correct; whereupon the defendant applied to the Supreme Court for writs to review our judgment, and the Supreme Court reversed our judgment and remanded the case to be tried by jury according to its views.

Upon the second trial of this case, judgment was rendered in favor of plaintiff, from which an appeal was taken to this court.

The defendant appeared and filed a motion to annul the said judgment, alleging that, prior to the trial of the said cause, the plaintiff-corporation had been dissolved and liquidators appointed, and the said liquidators had not been made parties plaintiff; and which facts were practically admitted by counsel for plaintiffs.

It is elementary that whenever a corporation is dissolved, it ceases to exist, and the liquidator appointed then is sole representative of the said corporation. See Act No. 250 of 1928.

We have no jurisdiction to ascertain the subject-matter herein, and this must be taken up by the lower court; however, we do take cognizance of the fact that the corporation has been dissolved of date June 8, 1932, prior to the trial in which resulted the judgment appealed from.

The judgment, not having been rendered contradictorily with liquidators appointed according to Act No. 250 of 1928, is null, void, and of no effect. There was no plaintiff before the lower court, and there is none before this court.

It is, for these reasons, that the judgment herein appealed from is annulled, avoided, and reversed; and that the same is remanded to the lower court for further proceedings in accordance with this judgment and the law in such cases made and provided; the costs of this appeal to be paid by appellee; all other costs in the lower court to abide the result of further proceedings.