Court of Appeal of Louisiana.  First Circuit.

Feb. 12, 1937.

Fred G. Benton, of Baton Rouge, for appellant.

Ferd. C. Claiborne, of New Roads, for appellee.

OTT, Judge.

This case has quite a long history, and the end does not yet appear in sight. In the present condition of the record, we are not in a position to make a final decision of the case. The suit was filed in July, 1931, and has been a veritable comedy of errors, so much so that counsel on both sides have apparently left the next move to this court as no briefs have been filed by either side.

The suit is for a balance alleged to be due on account amounting to $641.22. The defendant denied the indebtedness and asked for a trial by jury. On the first trial the jury disagreed and was discharged by the court. Thereupon counsel for plaintiff asked for a reassignment of the case, which the court granted and ordered that the case be tried by the court without a jury. Defendant objected to the trial of the case without a jury and applied to this court for writs of certiorari, prohibition, and mandamus, which writs were made peremptory, and the assignment of the case for trial without a jury was set aside, and the court was ordered to proceed with the trial of the case with a jury. The plaintiff contended that the Court of Appeal had no authority under its supervisory powers to issue these writs to the trial court, and applied to the Supreme Court for a writ of certiorari to the Court of Appeal, which writ was granted and the order issued by the Court of Appeal (149 So. 311) was set aside. 179 La. 180, 153 So. 685.

Defendant then applied to the Supreme Court for the necessary writs to compel the trial judge to call a jury for the trial of the case. The Supreme Court granted the writ and entered an order requiring the judge to call a jury for the trial of the case. 180 La. 101, 156 So. 189. The case was again tried before a jury in December, 1934, and resulted in a verdict by the jury in favor of plaintiff for almost twice the amount claimed in the petition. Plaintiff entered a remittitur for the excess, and the judge signed a judgment for the amount claimed in the petition.

Defendant took an appeal from this judgment, returnable to this court on February 18, 1935. When the case came up in this court for argument, counsel for defendant filed a motion to dismiss the suit against defendant and appellant for the reason that Putnam & Norman, Inc., plaintiff, had no corporate existence for the reason that said corporation was dissolved on June 8, 1932, and no liquidator or other person had ever been made party plaintiff to the suit.

There was annexed to the motion a certificate of the Secretary of State to the effect that a resolution of Putnam & Norman, Ltd., dated June 8, 1932, dissolving the corporation of Putnam & Norman, Ltd., had been deposited in the office of the Secretary of State, together with a notice of dissolution, published in a newspaper in June 1932, showing the three liquidators.

Apparently no person connected with the case, including the court, noticed that this

certificate had reference to the dissolution of Putnam & Norman, Ltd., and not to the plaintiff, Putnam & Norman, Inc., an entirely different corporation. Laboring under this misapprehension of fact and in order to give plaintiff an opportunity to make the proper plaintiff parties to the suit, this court remanded the case for further proceedings. (La.App.) 160 So. 155. This decree was rendered March 25, 1935.

On May 2, 1935, Oscar P. Geren, D. G. Powell, and A. A. Hopfensitz filed a supplemental petition in the trial court in which they alleged that plaintiff corporation, Putnam & Norman, Inc., had been placed in liquidation under its charter in September, 1933, and that they had been appointed and had qualified as liquidators, and asked to be made parties plaintiff to the suit. The judge signed an order making these liquidators parties plaintiff with full power to prosecute the suit in the same manner as the original plaintiff, Putnam & Norman, Inc., might have done had it retained its corporate existence. The defendant filed an exception to this supplemental petition wherein it was alleged that Putnam & Norman, Inc., had never legally been placed in liquidation and said liquidators were not legally appointed and qualified to act for said corporation. In support of the exception defendant offered a certificate of the Secretary of State dated May 28, 1935, which shows on that date that no notice of dissolution of Putnam & Norman, Inc., had been filed in that office nor had any resolutions appointing liquidators been filed. Plaintiff offered copies of resolutions of Putnam & Norman, Inc., September 15, and 21, 1933, respectively, putting the corporation in liquidation and appointing the persons named as liquidators. Other evidence was offered by the defendant to show that no resolutions dissolving Putnam & Norman, Inc., and appointing liquidators had been filed in the archives and the charter records of Orleans parish up to June, 1935.

On November 18, 1936, the trial judge signed an order revoking and setting aside the previous order which he has signed recognizing Geren, Powell, and Hopfensitz as liquidators of Putnam & Norman, Inc., and making them parties plaintiff to the suit. It is from this judgment revoking this order making these parties plaintiff that plaintiff has taken this devolutive appeal.

The trial judge correctly set aside his order making the above-named persons parties plaintiff to the suit. Section 54 of Act No. 250 of 1928, as amended by Act No. 65 of 1932, provides that the appointment of liquidators to wind up the affairs of a corporation out of court shall not be operative until a copy of the resolution making the appointment and giving the names and address of the liquidators shall have been published in a newspaper where the corporation is domiciled, and a copy of such publication, with an affidavit of the publisher, shall have been filed in the office of the Secretary of State, and duplicate copies of the resolutions shall have been signed as required by the act, and one copy filed in the office of the Secretary of State and one copy recorded in the mortgage office of the parish where the corporation is domiciled. The evidence taken on the exception shows that none of these requirements had been complied with when the exception was filed. When the supplemental petition was filed by these three persons claiming to be liquidators, their appointment as liquidators under the resolution of September 21, 1933, had not become effective because of a failure to comply with the above provisions of the act. See Section 61 of Act No. 250 of 1928 as amended by Act No. 65 of 1932. If the record had remained as it was when the judge signed the judgment from which the appeal is taken, we would have no hesitancy in affirming his action.

The matter has been further complicated by reason of the filing by defendant in this court of a certificate of the Secretary of State, dated January 11, 1937, from which it appears that since the filing of the supplemental petition and the exception thereto, there has been filed in the office of the Secretary of State copies of the resolutions passed by the shareholders of Putnam & Norman, Inc., on September 15 and 21, 1933, above referred to, placing said corporation in liquidation and appointing the petitioners liquidators, together with an affidavit of the publisher showing the publication of the dissolution proceedings on December 19, 1935. With the exception of proof of the recordation of a copy of the resolutions in the mortgage office in the parish where said corporation is domiciled, the liquidators are shown to be qualified to act for said corporation. This proof, of course, was not before the lower court when he acted on the supplemental

408

petition filed by these liquidators. We think that these liquidators should be given an opportunity to show before the trial court that the plaintiff corporation is now in liquidation and that all the requirements provided by law have been complied with in order to make their appointment as liquidators effective. Likewise the trial judge should be given the opportunity to determine from the evidence produced by these liquidators as to their present status and whether or not they should be made parties plaintiff.

Defendant has filed a motion in this court to dismiss the appeal on the ground that plaintiff and appellant has no right to this appeal as the judgment was set aside by this court and there is now no final judgment, from which to take an appeal. But the appeal is taken from the judgment revoking and setting aside the order making the liquidators parties plaintiff which judgment would cause irreparable injury if it is allowed to stand. The motion to dismiss is overruled.

For the reasons assigned, it is ordered that the judgment of the district court, dated November 18, 1936, revoking and setting aside the order of said court under date of April 26, 1935, recognizing Oscar P. Geren, D. G. Powell, and A. A. Hopfensitz as liquidators of plaintiff corporation and making them parties plaintiff to the suit, be and the same is hereby avoided, annulled, and reversed, and it is now ordered that the case be remanded to the district court for the purpose of taking further proceedings and hearing further evidence in order to determine the proper parties plaintiff, and to permit the district court to take such action thereon as may be consistent with the views herein expressed; appellant to pay the cost of the appeal, and all other cost to await the final termination of the case.