## PUTNAM & NORMAN, Inc., v. LEVEE.

### No. 1947.

Court of Appeal of Louisiana. First Circuit.
Feb. 15, 1939.

DORE, Judge.

The complete history of this interesting case may be obtained from our last decision with reference thereto rendered on February 12, 1937, 172 So. 406. Herein, we shall state briefly only such matters as appear directly pertinent to this decision.

On January 16, 1935, there was judgment by Honorable William C. Carruth, then presiding Judge of the Eighteenth Judicial District Court for the Parish of Pointe Coupee, in accordance with the verdict of a civil jury trial, in favor of Putnam & Norman,

Inc. and against the defendant, in the sum of $641.22, with judicial interest from June 12, 1931, until paid, and all costs.

Defendant took an appeal from this judgment, returnable to this court on February 18, 1935. On March 3, 1935, when this case came up for submission in this court, counsel for defendant filed a motion to annul and cancel the judgment and to dismiss the plaintiff's suit for the reason that the plaintiff corporation had been dissolved prior to the trial and rendition of judgment, and that no liquidator or other person had ever been made party plaintiff to the suit. He annexed to the said motion a certificate of the Secretary of State to the effect that a resolution of Putnam & Norman, Ltd., dated June 8, 1932, dissolving the corporation of Putnam & Norman, Ltd., had been deposited in the office of the Secretary of State, together with a notice of dissolution, published in a newspaper in 1932, showing and naming the three liquidators. Thereupon, counsel for plaintiff, not perceiving that the annexed documents had relation to Putnam & Norman, Ltd., and not Putnam & Norman, Inc., the plaintiff herein, filed his brief in which he asked that the case be remanded for the purpose of making proper parties. Laboring under this misapprehension of fact, and not perceiving the error, and in order to give plaintiff an opportunity to make the proper parties to this suit, this court rendered a decree annulling, avoiding and reversing the judgment appealed from and remanded the case for further proceedings with the decree and the law in such cases. Putman & Norman, Inc., v. Levee, 160 So. 155.

Pursuant to our decree, on May 2, 1935, the liquidators of Putnam & Norman, Ltd., filed a supplemental petition asking that they be made parties and alleging in Article 4 that the "manifest effect of this decision (our decree) will permit said liquidators to be made parties to this suit * * * but that under said decision it will be necessary to retry the case after the liquidators have been made proper parties plaintiff herein, and this trial must be had before a jury under the previous proceedings taken in this case, unless a jury is hereafter waived by mutual consent of the parties." The prayer was that the persons named as liquidators of Putnam & Norman, Ltd., be made parties, etc., and that the supplemental petition be filed and served and, after legal proceedings, there be judgment in favor of plaintiff and against defendant as

prayed for in the original petition. The court signed an ex parte order substituting Oscar P. Geren, D. C. Powell and A. A. Hopfensitz, as liquidators, parties plaintiff in the suit with full authority and power to prosecute the suit in the same manner as the plaintiff, Putnam & Norman, Inc., might have done had it retained its corporate status. To this supplemental petition and order, defendant, on June 6, 1935, filed an exception, on the ground: first, that it set forth no cause of action, and, second, that the named liquidators were not qualified to act, as the corporation of Putnam & Norman, Inc., had never been legally dissolved.

On November 18, 1936, after evidence had been introduced, the trial court sustained the exception and accordingly recalled and set aside its former order substituting the liquidators as parties plaintiff. An appeal to this court was taken from that judgment. While this appeal was pending, the matter was further complicated by the filing of a motion by the defendant, on January 11, 1937, in which it was stated that the certificate of dissolution of Putnam & Norman, Ltd., had been filed through error, and to which was attached a certificate from the office of the Secretary of State showing that on January 11, 1936, a copy of resolution was filed in that office giving notice of the dissolution of Putnam & Norman, Inc., of date of September 15, 1933, and appointing as liquidators the same persons named as liquidators in the dissolution of Putnam & Norman, Ltd. In view of the fact it was not shown at the time the trial judge entered the judgment recalling his order substituting the liquidators that the corporation had been legally dissolved, this court on February 12, 1937 remanded the case to permit further evidence to show if the dissolution of the plaintiff corporation was legally concluded and the liquidators qualified to act as proper parties plaintiff. See 172 So. 406.

On June 11, 1937, the parties named in the resolution of dissolution as liquidators filed a petition setting forth that proceedings connected with the dissolution of Putnam & Norman, Inc., and their appointment as liquidators had been completed; and prayed for a rule to issue against the defendant to show cause why they should not be substituted as parties plaintiff and why the original judgment signed January 16, 1935, against the defendant should not be made final. A rule issued as to the first

part of the prayer. Testimony was taken thereon, and on March 16, 1938, Judge Dupont, the presiding Judge of the lower court, signed a judgment making the liquidators proper parties plaintiff.

On October 25, 1938, the liquidators, proper parties plaintiff, filed another petition setting forth the history of the case and alleging that at the time of the trial and the rendition of the verdict and judgment the said corporation was a going concern, and praying for a rule against the defendant to show cause why the original judgment of January 16, 1935 should not be made final in favor of the plaintiff through the liquidators. On the same day, the presiding judge of the lower court refused to sign the necessary order or to have the rule issue, assigning reasons.

On November 2, 1938, the liquidators filed a petition in this court setting out the history of the proceedings, and alleging that the verdict and judgment rendered on January 16, 1935, was legal and valid for the reason that the plaintiff corporation was not in liquidation until January 16, 1936, and praying for a peremptory writ of mandamus to compel the district judge to sign and enter a judgment and decree reinstating, reaffirming and making final the judgment and decree of January 16, 1935; or that alternative writs of certiorari, prohibition and mandamus issued to the Judge, the Clerk of Court for the Parish of Pointe Coupee, and the defendant to show cause why the said judgment should not be made final; and, after several other alternative prayers, the liquidators prayed that alternative writs issue to the said Judge, Clerk of Court, and the defendant, to show cause why an order should not issue to respondents requiring the record to be returned to this court and the appeal reinstated and the case heard on appeal in regular order on its merits.

On November 18, 1938, this court issued the following order:

"Considering the foregoing petition,

"It is ordered that alternative writs of certiorari, prohibition and mandamus issue herein directed to the defendant, Lucius P. Levee, Honorable J. P. Jewell, Clerk of Court of Pointe Coupee Parish and Hon. Iris Dupont, respondent Judge, ordering them to show cause before this Court on December 19th, 1938, at the hour of 11 o'clock A. M. why the decree rendered by this Court in said case on March 25th, 1935 (160 So. 155) should not be recalled and set aside, and the record in said cause returned to this Court and the appeal reinstated on the docket of this court to be heard and determined in regular order in the same manner as though said judgment of this Court had not set aside the judgment from which the appeal was taken."

Respondent-defendant Levee filed an exception of no right of action to the petition and rule; and in answer to the rule further urged that the petitioners were not entitled to the relief prayed for because at the time of the rendition of the judgment the said plaintiff corporation had been dissolved; and further contended that in the petition filed on May 2, 1935, the pretended liquidators had alleged that it was necessary to try the case anew, and that this supplemental petition had not been put at issue and that therefore the matter could be disposed of by another trial without prejudice to any rights of the liquidators.

The respondent-defendant has not argued or briefed his exception of no right of action, and we would be justified in considering the same as waived; but since the procedure does present to us a serious matter, we shall consider it. We readily admit that we are unable to find any statutory law giving the right of an appellate court to recall and set aside its former judgment in a case, but Article 21 of the Civil Code provides that "In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity." It cannot be disputed, however, that we have the right to overrule a former decision of ours.

■■ Where the former decree or finding of an appellate court is based on a correct state of facts the decree or finding should control in all other subsequent proceedings; but where the decree is based on an erroneous state of facts, or the decree is manifestly erroneous, it may be set aside on a subsequent appeal in the same case. Such findings do not constitute the law of the case, and they may be set aside where no property rights are affected.

■ The defendant's contention that the plaintiff is estopped from opposing a retrial of the case, for the reason that in its supplemental petition of May 2, 1935, plaintiff judicially averred that a new trial was evident and so prayed, is not well founded for the reason that the liquidators made such allegation through the misleading and erroneous facts disclosed in the motion filed by

defendant in this court on March 3, 1935, and the declaration made in the supplemental petition did not and could not mislead the defendant in this case and does not create an estoppel.

We are therefore of the opinion that the decree of this court (160 So. 155) dated March 25, 1935, which set aside the judgment of January 16, 1935, was entered under a misapprehension of the true facts and was manifestly erroneous, and that this decree should be recalled and vacated; and since the respondents have refiled the record in this court, the appeal should be reinstated in accordance with the rule herein issued.

For these reasons, the rule heretofore issued is made absolute, and, accordingly, it is now ordered that our former decree of March 25, 1935 (160 So. 155), is hereby recalled and set aside, and the appeal is hereby reinstated on the docket of this court to be heard and determined in regular order in the same manner as though said judgment of this court had not set aside the judgment from which the appeal was taken.