Plaintiff brought this suit against the defendant to recover the sum of $364.36, which amount is alleged to be the balance due on an open and running account covering various purchases of athletic goods and equipment from 1925 to the year 1941, as shown by the itemized statement of said account annexed to the petition and made a part thereof. It is alleged that on or about January 3, 1941, the defendant duly acknowledged the said account and promised to pay same, as per the letter of said date annexed to the petition and made a part thereof.
Defendant first filed an exception of no cause or right of action which was overruled, whereupon he filed an answer denying that he owed the account, and averred that all of the articles shown on the account were sold to the Donaldsonville High School, of which he was principal, at various times between September, 1925, and March, 1936, on which payments were made from time to time; that the plaintiff well knew these goods were sold to said High School and that he was only acting as agent; that in September, 1941, the plaintiff closed its account with the said High School with a balance of $364.36, and refused to ship any further goods to the High School, but did ship to him personally on his own promise to pay for three shipments which were made in September, 1941, January and March, 1942, and which three shipments were made and paid for by him. Assuming the position of plaintiff in reconvention, he asked for damages in the sum of $450 against the plaintiff for injuring his good name in filing the suit against him and making defamatory allegations against him therein, and in his answer prayed for a trial by jury.
Plaintiff filed an exception to the jurisdiction of the court to try the reconventional demand, and prayed that the reconventional demand be dismissed and the demand for a jury trial be denied. The trial court rendered a judgment on May 19, 1943, dismissing the reconventional demand on the ground that the demand was based on allegations of libel in the pending suit, and for that reason the demand was premature, citing the case of Thompson Co. v. Gosserand, 128 La. 1029, 55 So. 663, in support of his ruling. Interpreting defendant's request for a trial by jury as referring to the reconventional demand only, he accordingly denied this demand also. The defendant applied to the Supreme Court for writs of certiorari, mandamus and prohibition which were denied because of the failure to give proper notice to the trial judge and opposing party. See 204 La. 637,16 So.2d 217. After giving the proper notice, plaintiff made another application to the Supreme Court for the writs which application was also refused on January 3, 1944, for the following reason as appears from a certified copy of the ruling on the application:
"Relator's petition discloses that the Court of Appeal, and not this Court, has appellate jurisdiction of this case. If, as alleged by relator, the ruling of the trial judge denying his prayer for a trial by jury will cause him irreparable injury, his remedy was to appeal to the Court of Appeal for the First Circuit, and not to invoke the supervisory jurisdiction of this Court as a substitute for the appeal. Code of Practice, Art. 566. Writs refused."
"O'Niell, C.J., is of the opinion that the relator's remedy is to urge his complaint on the appeal from the final judgment, if it goes against him."
After the above ruling of the Supreme Court was filed in the lower court, the judge signed another judgment on January 24, 1944, denying the prayer of the defendant for a trial by jury, and on the same day the defendant was granted an appeal from this judgment to this court. The appeal was perfected by giving the required bond, and was lodged in this court within the return day. Plaintiff has filed a motion in this court to dismiss the appeal for the reason that the judgment appealed from is not a final judgment, nor is it an interlocutory judgment which works an irreparable injury; that the reconventional demand sought to be tried by a jury had been dismissed and no appeal taken therefrom.
 Motion to Dismiss.
In our search of the reports, we find that the Supreme Court in many instances *Page 384 
has exercised its supervisory jurisdiction over inferior courts to force the lower court to grant a jury trial to one of the parties where such a trial had been denied. Two very recent cases where the Supreme Court exercised its supervisory jurisdiction and ordered a jury trial were those of Putnam Norman v. Levee,180 La. 101, 156 So. 189, and Thrift Homestead Ass'n v. Barrios et al., 175 La. 574, 143 So. 497. Regardless of the appellate court's jurisdiction of the appeal, the Supreme Court has exclusive supervisory jurisdiction over the trial court in all matters relating to the trial of the case, the supervisory jurisdiction of the Courts of Appeal extending only to matters affecting appeals to these courts. Putnam Norman, Inc. v. Levee, 179 La. 180, 153 So. 685.
However, in the case of State ex rel. Whitney Iron Works Company v. Judge, 44 La.Ann. 1085, 11 So. 684, the question of whether or not the Supreme Court should exercise its supervisory jurisdiction to compel a trial judge to try a case without a jury where he had ordered a jury trial was discussed, and the court held that where the trial court had passed on the right of a party to a jury trial after a contradictory hearing, the Supreme Court would not by mandamus compel him to try the case without a jury; that in such a situation, the ruling of the trial judge on the question of a jury trial was a judicial act and subject to review by the proper appellate court on an appeal from a final judgment, or as an issue to be specially submitted under Article 566 of the Code of Practice in the matter of an interlocutory judgment working irreparable injury; that an exceptional case should be presented to justify entertaining such a matter under the supervisory jurisdiction of the court.
The appeal here is one from an interlocutory judgment denying the defendant the right to have the case tried by a jury. From what was said in the prevailing opinion of the Supreme Court in refusing the writs in this case, above quoted, and from what was said in the above cited case, we conclude that the interlocutory judgment appealed from is one that would work an irreparable injury to defendant by depriving him of a trial by jury, if he is entitled to a jury trial. There would seem to be no reason to force defendant to go to the expense of trying his case before the court, while on an appeal from a judgment on the merits, he might be able to convince the appellate court that his case should have been tried by a jury and thus have the entire trial nullified and the case tried over before a jury. It would be a difficult matter to ascertain in such a situation just how the defendant could be compensated in money by reason of such a denial.
It is also contended that defendant only asked for a trial by jury on his reconventional demand for damages, and as that demand has been dismissed and no objection made to that dismissal, there is nothing to try before a jury. While the trial court and apparently the Supreme Court understood that defendant only asked for a trial by jury on his reconventional demand, yet there is no such restriction in his prayer for a jury trial. The prayer for a trial by jury is made in the answer and is not restricted to any part of the defense.
We are of the opinion that the judgment denying the defendant a trial by jury is appealable, and for that reason the motion to dismiss the appeal is overruled.
Defendant contends that he is entitled to a trial by jury as he is not being sued on an unconditional promise to pay a specified sum of money; that under Articles 494 and 495 of the Code of Practice he is entitled to a trial by jury, these articles of the Code giving a party a right to a trial by jury in all cases except in suits on an unconditional promise to pay a specific amount.
Neither the itemized account nor the letter annexed to plaintiff's petition and made a part thereof shows an unconditional promise on the part of defendant to pay a specific sum of money. The account is made out to B.C. Alwes, Principal of the Donaldsonville High School, and the letter is addressed to plaintiff and is signed "Donaldsonville High School, B.C. Alwes, Principal." There is nothing whatever in the letter to show an unconditional promise on the part of Alwes to pay plaintiff any specific sum of money whatever. Clearly, the answer presents questions of fact relative to the capacity in which defendant purchased the goods; whether or not he was acting as agent for the High School to the knowledge of plaintiff, as well as the other allegations in his answer tending to show that he is not personally liable to plaintiff for any amount whatever. These facts he is entitled to have determined by a jury. State ex rel. Leeds v. Judge, 32 *Page 385 
La.Ann. 542; State ex rel. Whitney Iron Works v. Judge, supra.
Section 13 of Act No. 135 of 1898, provides that a party who prays for a jury trial in a civil action must deposit with the clerk of court the sum of $12 and give bond in favor of the parish for such amount as may be determined by the judge to cover the additional cost of the jury, and provides that no jury trial shall be ordered unless the deposit is made and the bond given. There does not appear to have been any deposit made or bond given in this case. Our decree giving the defendant the right to a trial by jury must be conditioned on his complying with these provisions of the law.
Counsel for defendant has also asked us to pass on the exception of no cause or right of action which was overruled by the trial judge. Of course, we cannot do this for the reason that this ruling is not before us on this appeal, and for the further reason that no appeal lies from a judgment overruling such an exception.
For the reasons assigned, it is ordered that the judgment appealed from be reversed and set aside, and it is now ordered that the case be remanded and the trial judge be and he is hereby directed to order a jury trial of this case on condition that the defendant make the necessary deposit and give a bond within a reasonable time to be fixed by the court to secure the additional cost of the jury; plaintiff to pay the cost of the appeal, and all other cost to await the final termination of the case.