FRENCH
*v.*
NEW ORLEANS
AND
CARROLLTON
RAILROAD CO.

</div>

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## GRIDLEY et al. *v.* CONNER.

Where a partner, pending a suit for the settlement and liquidation of the partnership, collects money belonging to it,, under an appointment from the court, he has no right to withhold from the court the money so collected, under any plea or pretence personal to himself. To retain funds so collected is a flagrant breach of trust, and the court may compel their immediate production.

| 2 | 87 |
| 49 | 343 |
| 2 | 87 |
| 50 | 557 |
| 2 | 87 |
| 152 | 1188 |
| 2 | 87 |
| 108 | 535 |
| 108 | 537 |

GRIDLEY
v
CONNER.

After the dissolution of a partnership and pending its liquidation, a partner is not permitted to do any act, still less to make use of the partnership funds in a manner inconsistent with the purpose of a just and proper settlement.

It is not necessary that the creditors of a partnership should be made parties to an action between the partners for a settlement of the partnership affairs.

Commercial partners being bound *in solido* the debts due by them are indivisible, and no settlement of the partnership can be effected without their payment.

The creditors of a partnership have a privilege on the partnership property entitling them to be paid in preference to the creditors of the individual partners; and any partner ultimately bound for the partnership debts, may maintain an action against his co-partner, to effect a proper application of the partnership property to the extinguishment of the partnership debts. C. C. 2794.

Wherein a suit for the settlement of a partnership the appointment of a receiver becomes necessary to effect the object of the suit, the court may appoint one. The power to do so belongs to the class of incidental powers. C. C. 21. C. P. 130.

Partners are bound to pay interest on sums taken out of the partnership funds from the time they are so taken. C. C. 2829.

Attorneys in fact are bound to pay interest on any sums belonging to their principals, which they have applied to their own use, and on any sum which they are in default in paying over. C. C. 2984.

APPEAL from the District Court of the First District, *Buchanan,* J. *Roselius,* for the plaintiffs. *Elmore* and *W. W. King,* for the appellant.

The opininion of the court was pronounced by

EUSTIS, C. J.    This suit was instituted on the second June, 1840, and was before the late Supreme Court in May, 1843.   The report of the proceedings had up to that period, is found in 4 Robinson's Reports, p. 445 et seq.   The protracted and useless litigation which has signalized this cause was noticed in a very appropriate manner by the court, without, however, producing any result as to the litigants.   The case was remanded te be tried before a jury, unless the parties should submit the matters in dispute to arbitration.   Conner had asked for a trial by jury on the whole case, and it was for the purpose of enabling him to exercise this right that the cause was remanded.   A trial was accordingly had before a jury, who have rendered their verdict, so far as Conner is concerned, on three distinct issues, to wit: 1st. The responsibility of *Conner* to the partnership of *Conner, Gridley & Company,* under the allegations of the petition, of having withdrawn money from the partnership for his private use, made false entries in the books, and done other unlawful acts, for the purpose of defrauding his co-partners.   2d. His responsibility for debts due to the partnership, collected by him as receiver under the appointment of the court. 3d.   The responsibility of one of the plaintiffs, *Whitehead,* growing out of his receivership, to which trust he had been also appointed by the court, and under which he is still acting.   The responsibility of the plaintiffs was also involved in the first issue, which was made up by the answer of *Conner* to the original petition of the plaintiffs.

The verdict of the jury was that *Conner* re-imburse the partnership $9677 29, *Gridley* the sum of $5855 23, *James R. Conner,* as receiver, the sum of $4290 63, and *Whitehead,* for fees paid the clerk of the Supreme Court, the sum of $41 75; that the amount so received, as well as the other assets to be collected, should be paid into court and distributed under its direction; and so was the judgment of the court.   *Gridley* has not appealed; *Whitehead* asks that the judgment be confirmed; and *Conner,* in a very elaborate argument by his counsel, has scrutinized and drawn in question both the legality of the pro-

ceedings, and every matter of fact which was considered as having any bearing on the verdict.

For all the purposes of this enquiry we consider, that we have before us the action brought by two of the partners against the third partner, who is the defendant, for the liquidation and settlement of the partnership of *Conner, Gridley & Company*, in which object both the plaintiffs and the defendant concur in their petition and answer, in which is now included the liability of the two parties, *Whitehead and Conner*, growing out of their several trusts as receivers of the partnership, which they at different times exercised under the authority of the court.

The question of the dissolution of the partnership has settled itself. The whole litigation has been thrown *en masse* before the jury, and if great confusion were to be the result of this anomalous mode of settling the complicated concerns of a partnership, *Conner* is the only party concerned who cannot complain of it. A party comes with a very bad grace to ask relief against the confusion which he has done so much to create, as the conduct of *Conner* proves that he has done in the course of this litigation. It is difficult to divest one's self of the impression that, it was a matter of calculation with him in order to cover up his acts, and, in the midst of this confusion, to avoid meeting his just responsibilities to the co-partnership, or to harrass and wear out the patience of his adversaries by vexatious delays. But the verdict of the jury has systematized the subject, and, by classing each sum awarded under its proper head, has afforded us the means of reaching some of the grounds upon which it is founded.

Before we examine the verdict rendered on the different matters which have been cumulated and presented to the jury, lest it should be supposed that we approve what has been done, we deem it proper to state what we conceive to be the law in relation to the obligations of a partner, who, pending a suit for the settlement and liquidation of a partnership, collects money belonging to the partnership under an appointment from the court. A partner so receiving it, has no right to withhold it from the action and control of the court, under any plea or pretence personal to himself. He cannot be permitted to defeat the very object of his appointment, by violating or evading his trust. If receivers, partners or others, are thus permitted to retain the funds from creditors, and, as the cause progresses, involve them in new litigation, how can the partnership be settled in the presence of these hydra pretensions.

The retention of funds collected under the authority of the court is a flagrant breach of trust, and the power to compel their immediate subjection to its control is unquestionable; and, without a vigilant and efficient exercise of this power on all proper occasions, the judicial settlement of the concerns of a partnership would become a mere farce.

After the dissolution of a partnership, and pending its liquidation, a partner is not permitted to do any act, still less make use of the partnership funds in a manner, inconsistent with the purpose of a just and proper settlement; and it has been held that, where a partner has collected partnership money under circumstances from which an agreement on his part not to receive it can be inferred, and where his receiving it was contrary to good faith, he may be held to pay the money into court. Collier on Partnership, p. 166. Gow on Partnership, p. 121.

In this case *Conner* was permitted to retain as a partner the money he has collected as receiver, and confound it with the partnership affairs. We think

12

GRIDLEY
*v.*
CONNER.

think the money thus collected ought to have been paid into court, and that *Conner* had no more right over it than his co-partners had.

It is urged by the counsel for the defendant that the creditors of the partnership were not, and ought to have been, made parties to this suit. *Conner* could have made them parties, had he considered it his interest so to do. That they should involve themselves willingly in this labyrinth, which he has done everything in his power to prepare for them, was not to be expected. Nor is there any necessity for their intervention. They have a sufficient representative for all present purposes, in the present receiver, *Whitehead*, and the court will see that their interests are fully protected.

Objections have also been taken to the right of the plaintiffs to maintain this action, and also to the sufficiency and effect of the verdict.

A statement of our views of the law, in general terms, we consider will have some advantages over answers to each objection in detail.

The action and mode of proceeding in this case are as ancient as the law of partnership itself. They form the actions *pro socio* and *communi dividendo* of the Roman law combined. They exist under every system of jurisprudence, and are the means by which the rights of partners and creditors are mutually protected. Story on Partnership, 326. Our own Code makes provisions for cases of this kind. The rules concerning the partition of inheritances, the manner of making them, and the obligations which result between heirs, apply to partners. Civil Code, art. 2861.

The first step to be taken towards the completion of a partition, is the settlement of the amount which each of the heirs owes the succession, and of the amount which he is bound to collate; and where there is to be a final liquidation and settlement of a succession or partnership, it is obvious that the result cannot be effected without a payment of the debts, or, in a succession, by a division of the debts among the heirs.

The debts due by commercial partnerships are indivisible, as the partners are bound *in solido*; the debts must therefore be paid.

In this case there is a particular fund affected by privilege in favor of certain debts, and the present action has for one of its essential objects, the subjection and application of this fund to the payment of these debts.

The creditors of *Conner, Gridley & Co.* have on the partnership property a privilege and preference over the individual creditors of the partners, and it is competent for one of the partners, who is ultimately bound for the debts, to maintain an action against his unwilling or defaulting co-partner, for the purpose of effecting this just and proper application of the partnership property to the extinguishment of the partnership debts. Civil Code, art. 2794. Story on Partnership, § 326. In the case of the partition of an inheritance, it is always competent to an heir or legatee to demand a separation of patrimony, or the marshalling of assets. Civil Code, arts. 1402, 1403.

We consider the power of the court to appoint a receiver in a case of this kind, to be necessary for the purpose of effecting the object of this suit, which is the liquidation and settlement of a partnership, and it falls within that class of incidental powers which courts have full authority to exercise. Story on Partnership, § 333. Civil Code, art. 21.

Our courts are not organized with the proper machinery for the settlement of complicated partnership concerns. They are still obliged to determine and conclude matters of this kind, and they have the powers necessary for the ex-

ercise of their jurisprudence, although such powers may not be expressly given them by law. Code of Practice, art. 130.

It is reasonble that, where a partner insists on throwing the whole partnership concerns before a jury, and the verdict is rendered on the books of the partnership, and the evidence of both parties is fully before the jury, the verdict ought not to be disturbed, and the party selecting this mode of settling the part_ nership relieved from its effect, unless some rule of law has been violated, or manifest injustice has been done, by the verdict. The verdict against the defendant under the issue between him and his partners, was for the sum of $9677 29. In the report of the auditors, *Conner* was charged with the deficiency in the cash, and the balance due by him on that account, was fixed at $6007 96.

The defendant insists that there is no ground whatever for obliging him to bring back any other sum than the latter amount, and that the verdict is wrong in exceeding it. We adopt the conclusions of the counsel for the plaintiffs in relation to this part of the case.

The jury were bound to make the partners contribute equally to the mass. Their accounts could be adjusted on no other principle. We do not consider this part of the verdict in any manner contradictory to the report of the auditors, but, on the contrary, as authorized by it. The amounts which *Conner* and *Gridley* are each bound to contribute by the verdict, place them on an equal footing with *Whitehead*, their co-partner, and this is a right which *Whitehead* has by the verdict secured to him. The sums are not in strict accordance with this principle, but the difference is not material. The jury had all the partnership books before them in evidence; they were not regularly kept, and we have no means of ascertaining on what particular evidence the jury arrived at the different conclusions which resulted in their verdict. But as to the correctness of the principle on which the jury acted, we do not entertain a doubt. *Whitehead* had taken comparatively nothing out of the partnership, *Conner* had, on the contrary, drawn a very large sum, and the intention of the jury evidently was to put *Whitehead* on an equal footing with *Conner*, by compelling him to bring back what he had thus withdrawn, and furnish such an additional sum as would equalize his position as to the partnership with his co-partners.

In relation to the claim against *Conner* as receiver: The sum of $4844 54, was found due by him by the first judgment, rendered on the second of May, 1842; the present verdict against him is for $4290 63, and the court below has refused to open it for further investigation, and we concur in the correctness of that opinion.

We are satisfied that no injustice has been done by the verdict for the aggregate sum found by the jury. Partners are bound to pay interest on sums taken out of the partnership fund, from the day they are received. Civil Code, art. 2829. Attorneys in fact are bound also to pay interest for the monies of their principal which they have applied to their own use, and, in all cases, for sums which they are in default in paying over. Civil Code, art. 2984.

*Conner* is not charged with interest on either of these accounts, for both of which he is liable; and were he held to pay interest on the deficiency of the cash, with which the auditors charge him in their report, which is homologated, and on the amounts he has most unjustifiably retained, which he collected under his authority as receiver, the judgment against him would have to be increased. *Stoughton* v. *Lynch*, 1 Johnson's Ch. Rep. 467, et seq.

GRIDLEY
v.
CONNER.

We find no sufficient ground for disturbing the verdict, so far as it relates to *Whitehead*.

For the amount of this judgment it is competent for *Whitehead* to issue execution. When the creditors shall have been paid, it will be his duty to divide the residue, if any remain, among the partners under the direction of the court, in accordance with the articles of partnership, and their respective interests in the fund.

We believe that we have thus determined all the questions which have been raised in argument by the counsel who have argued this case, and we have done it under the hope that this will close the warfare which has so strongly characterized its proceedings, and that, for the little which remains to be done, the partners themsleves may co-operate to effect the object which they both avow in their pleadings they have in view—the liquidation and settlement of the partnership concerns.

It must rarely happen that in the settlement of a partnership by the verdict of a jury, full justice is done to the parties. The relations of partners are too intimate, too confidential, to be determined otherwise than by a spirit of truth and justice among themselves. They are the agents of each other, in many circumstances completely in each others power, and *socium vero cavere qui possumus*.

The ancient laws of this land declare, that great advantages arise from such an union, when it is formed between good and honest men, for then they mutually assist one another as if they were brothers. Partida 5, tit. 10, law 1. Recte igitur majores eum, qui socium fefellisset, in virorum bonorum numero non putarunt haberi oportet. Cicero *pro Roscio*. It is by the parties themselves, by arbitration, or the judgment of mutual friends, and not by an embittered litigation, that cases of this kind are best determined.

*Judgment affirmed.*