BREAUX, C. J.
The relator asks this court to issue an order to the honorable judge of the district court, directing him to rescind the order for a jury trial, to try the case as a summary case according to Act No. 23, p. 39, 1882, or, in the alternative, that a mandamus issue directing him to try the case as a preference case, and not to postpone the trial of the injunction suit and action of nullity by the judgment debtor until after the final determination of the devolutive appeal pending in this court.
To the end of considering the questions involved, it became necessary to review the facts connected with this litigation.
In June, 1908, relator recovered a judgment in the district. court against Marie Louise Egan, from which the latter obtained a suspensive appeal, which was not perfected by furnishing bond.
A rule was taken for execution of the judgment.
In answer to the rule the validity of the judgment was attacked.
Not a jury case:
The relator objected to the court’s ruling allowing the case to go to a jury.-
The defendant in the district court, Miss M. L. Egan, instituted an action of nullity and sued for a wri* <£ injunction, which was granted on a 81,500 bond.
Relator’s ground is that the case is summary, and not a jury case.
This contention is erroneous. As bond was required, jury trial was properly granted. Cumming v. Police Jury, 5 La. Ann. 634.
In the second place, relator complains of the delay to which she had been subjected. Relator claims that, even if this case be a jury case, she is entitled to preference because the execution of her judgment is enjoined.
It is in place to state here that plaintiff in injunction attacked the judgment on the ground of fraud and ill practices; that the defendant in injunction conspired with the witnesses heard on the trial; that she (relator) has no hope of an early trial to which she is entitled.
Preference claimed:
Defendant’s injunction urged that, if the case can be tried by jury, then it should be given the right of way over all cases.
We are not prepared to agree with this proposition under all circumstances, although we are of the opinion that the trial of an injunction, arresting the execution of a judgment, should not be postponed in any case, or continued, if reasonably avoidable.
Without reviewing the details of the ease, we are attracted by the statement of our learned brother of the district court that he will try the ease at an early date as a jury can be drawn for the trial from the general venire drawn to serve in other divisions; that this will be done if the court is of opinion that delays should be brought to a close and the injunction tried at an early date.
Upon this expression of our opinion, we are certain that our brother will try the case this month, or early in the next — as soon as possible, in fact.
This being understood, we take it, we decline to make the mandamus peremptory, as everything needful in the premises will be attained without it. Courts should not be prone to peremptory orders to go where the utmost faith prevails.
For reasons stated, the order heretofore issued on relator’s application is recalled, her *117 application is denied, and her petition dismissed; the costs of these proceedings to he assessed to the losing party in the injunction proceedings.