LAND, Justice.
 

 Relators, Mrs. Mabel M. Palmer and John R. Palmer, filed suit in the district court for Caddo parish against Warren G. Gray, the Ray Drilling Company, W. C. Woolf, and the Pelican Warehouse & Transportation Company, alleging that a partnership existed between the plaintiffs and the defendants, and asking that the partnership be dissolved and that its affairs be liquidated.
 

 The original proceeding is by petition and citation, but. in the original petition plaintiffs ask that a rule issue directed to the defendants, to show cause why a receiver should not be appointed for the alleged partnership, pending the liquidation of its affairs.
 

 The rule to show cause why a receiver should not be appointed was tried in a summary manner. Respondent judge held that there was not sufficient evidence of the existence of a partnership between the parties alleged in plaintiff’s petition to comprise the partnership; but that a partnership had existed composed of Eugene Palmer, W. C. Woolf, Warren G. Gray, the Ray Drilling Company and C. P. Couch, and that this partnership had been dissolved by the death of Eugene G. Palmer about one year prior to the filing of this suit. /
 

 Respondent judge appointed W. C. Woolf as receiver for the dissolved partnership. The defendant, Warren G. Gray, applied for a suspensive appeal from the order appointing the receiver. The appeal was granted and is now lodged in this court.
 

 Thereafter, Warren G. Gray, one of the defendants, filed an answer to the original petition, and in his answer denied the existence of the alleged partnership, set up certain alleged agreements between him and E. G. Palmer, deceased, reconvened for a large sum, and prayed for trial by jury, which was granted by respondent judge. Whereupon, the present application, for writs of prohibition and mandamus was made.
 

 Article 494 of the Code of Practice provides that: “The plaintiff who wishes for a jury must pray for the same, either in his original petition, or by a supplemental petition, which must be presented before the suit be set for trial; provided, that all suits against makers and indorsers of promissory notes, drawers, indorsers and acceptors of bills of exchange, and generally all suits brought on unconditional obligations to pay a specific sum of money,
 
 shall be tried without a jury,
 
 unless the defendant shall make oath that
 
 his signature
 
 to said note, or other obligation,
 
 is not genuine,
 
 or that he expects to prove that the same had been obtained
 
 through fraud or error, or want or failure of consideration,
 
 or
 
 in cases
 
 
 *461
 
 where the defendant in his answer may set up a
 
 plea of compensation or reconvention,
 
 and make oath to the truth of all the allegations in said plea or answer.” (Italics ours.)
 

 Article 494 of the Code of Practice clearly refers to the trial of ordinary suits, in ordinary proceedings, in which the plaintiff seeks to obtain judgment against defendant, after due citation, the usual legal delays, and due proceedings had. This is made evident by the fact that a defendant may set up in his answer a plea of compensation or reconvention, and pray for trial by jury.
 

 But this is not an ordinary suit against the defendant, Warren G. Gray, to recover against him any judgment whatever for any specific sum upon any obligation, conditional or unconditional. The sole purpose of the suit is the liquidation of the partnership affairs, after dissolution by death of one of the partners.
 

 Such a suit, in our opinion, is a summary proceeding, and the claim of the defendant, Warren G. Gray, if it be an obligation of the partnership, must be disposed of in the liquidation of its affairs.
 

 The liquidation of a partnership, being a summary proceeding, should not be set down on the ordinary docket to be tried before a jury, for the reason, first, that it would unduly delay and prolong the settlement of the partnership, and, second, for the reason that a jury is not a competent tribunal to try liquidation of successions and partnerships.
 

 Article 1328, Civ. Code, under the title of judicial partitions of successions, provides that: “The judge, before whom the action of partition is brought, is bound to pronounce thereon in a summary manner, by which is always meant with the least possible delay and in preference to the ordinary suits pending before him.”
 

 Article 2890, Civ. Code, under the title of partnerships, provides that: “The rules concerning the partition of successions, the manner of making such partition, and the obligations which result from the same, between heirs,
 
 apply to partners."
 
 (Italics ours.)
 

 Article 97, Code Prac., provides for three proceedings, ordinary, executory, and summary, and article 98 defines summary proceeding as follows: “They are summary when carried on with rapidity, and without the observance of the formalities required in ordinary cases, as when courts provide for the administration of vacant succession and the property of minors and absent heirs.”
 

 Article 756, Code Prac., provides that: “The cases which are to be decided in a summary manner shall not be set down on the ordinary docket of suits, but are decided on days fixed for the purpose, and in a speedy manner, conformably to such special rules as each court may establish on the subject.”
 

 Article 757, Code Prac., provides that: “These cases are decided
 
 without the intervention of a fury,
 
 except in cases in which
 
 the right to hold or exercise a pub-
 
 
 *463
 

 lie office or franchise is involved.”
 
 (Italics ours.)
 

 The various matters involved in the dissolution and liquidation of a partnership are so numerous and intricate that it would be impossible for a jury to definitely arrange these matters without considerable time and expense, and the lawmakers very wisely declared that these proceedings were summary and that partnership matters were governed by. the same rules and regulations as those pertaining to successions.
 

 Respondent judge cites Gridley v. Conner, 4 Rob. 445, and same case, on a second appeal, 2 La. Ann. 87, 89, as his authority for ordering the suit for liquidation of the partnership tried by a jury in this case.
 

 In Gridley v. Conner, 4 Rob. 445, it is held that one of the partners may require a final liquidation of the partnership and for this purpose any one of them may require that all matters in controversy shall be decided upon by a jury. The defendant, Conner, one of the. partners, prayed for the trial of the whole controversy by jury.
 

 The court in that case cites no provision of the Civil Code or Code of Practice, or decisions of this court, to sustain its holding.
 

 In the decree, the case was ordered remanded “for a new trial by jury, unless the parties choose to submit all the matters in controversy to arbitration.” In the body of the opinion, it is stated that: “The whole case, in our opinion, ought to be sent to arbitrators or amicable compounders, to settle the partnership concerns between the parties upon principles of good faith,” etc.
 

 Upon remand, the case was tried by jury in the lower court and an appeal was taken to this court. Gridley v. Conner, 2 La. Ann. 87, 89.
 

 In that case, Eustis, C. J., said: “The question of the dissolution of the partnership has settled itself. The whole litigation has been thrown en masse
 
 before the jury,
 
 and if great confusion were to be the result of
 
 this anomalous mode of settling the complicated concerns of a partnership,
 
 Conner is the only party concerned who cannot complain of it. A party comes with a very bad grace to ask relief against the confusion which he has done so much to create, as the conduct of Conner proves that he has done in the course of this litigation.” (Italics ours.)
 

 We fail to find in the extract of the opinion cited any approval of the doctrine “of. settling the complicated concerns of a partnership” by trial by jury. Such procedure is condemned as an “anomalous mode,” which means a mode “deviating from the common rule; irregular; exceptional; abnormal.” Funk & Wagnalls Dictionary (Standard).
 

 It is therefore ordered that the rule nisi issued herein be' made absolute, and that a writ of prohibition issue herein to respondent judge, the Honorable Cecil Morgan, judge, of the First Judicial District Court for the parish of Caddo, restraining
 
 *465
 
 him from placing said case on the calendar to be tried before a jury.
 

 It is further ordered that a writ of mandamus issue to respondent judge, commanding him to set said case for hearing summarily, and that same be immediately placed on the summary docket to be tried.
 

 It is further ordered that said writs be made peremptory and perpetual, and that the defendant, Warren G. Gray, pay the costs of this proceeding.