LE BLANC, Justice.
Plaintiff, Grand Lodge Knights, Ladies Auxiliary, Juveniles of Honor of America, instituted this suit against Emily Charles, a resident of the City of New Orleans, alleging that she is indebted unto it in the sum of $31,226.65, Plaintiff avers that the said Emily Charles was chairman of its Widow’s and Orphan’s Fund from 1943 to 1952 and during that time she collected the sum of $31,833.75 of which amount she has accounted for only $21,610.35. It further sets out other illegal appropriations, that she purchased certain movable property with *788 some of its funds which she refuses to account for, and in a separate paragraph of its petition it specifically alleges that she purchased with some of its funds a piece of real estate in the City of Thibodaux, Louisiana, another located at 1615 Saratoga Street and also one located on Lizardi Street in the City of New Orleans. With regard to these pieces of real estate it is alleged she has placed them in her own name whereas in truth and in fact the funds used by her to purchase them were the funds of plaintiff and therefore it should receive the property from her or should have a first lien and privilege thereon and same should be ordered seized and sold and payment made to it by preference and priority over all other persons.
The Maryland Casualty Company is impleaded as a party defendant as the surety of the said Emily Charles, having issued its bond guaranteeing the faithful performance of her duties.
The prayer of plaintiff’s petition is for a judgment against both defendants in solido for the full amount of $31,226.65 with legal interest from judicial demand.
Further plaintiff prays that the said Emily Charles be ordered and directed to deliver all of the movable property purchased by her with funds collected by her and lastly that the real estate located in Thibodaux and in the city of New Orleans be ordered sold and that petitioner’s claim against said property be paid by preference and privilege over all other persons.
Subsequent to the filing of suit plaintiff had recorded in the office of the Recorder of Mortgages for the Parish of Orleans a notice of lis pendens. The notice contains a statement to the effect that the object of the suit is to obtain from the defendant, Emily Charles, an accounting of all funds which came into her hands as chairman of the Widow’s and Orphan’s Fund of the Grand Lodge Knights, Ladies Auxiliary, Juveniles of Honor of America, and the property which she purchased with the funds of the said Grand Lodge Knights, Ladies Auxiliary, Juveniles of Honor of America, including the real estate mentioned in the petition.-
Defendant, Emily Charles, filed a proceeding by rule seeking to have the lien and privilege resulting from its inscription of the notice of lis pendens cancelled and erased from the .mortgage records of Orleans Parish. In her petition for the rule she alleges that she is the sole owner of the said property by deeds set out by her and that the purported lien and privilege thereon asserted is improper, invalid and unenforceable for the reasons that the suit, notice of which is given, is not in connection with and does not in any way affect .title to the said property and that the said lien and privilege has no basis whatsoever under the law of this State. Upon trial of the rule in the Court below there was judgment in favor of the said defendant, ordering the cancellation and the erasure of the said notice. Plaintiff then asked for *790 and was granted a suspensive appeal from the judgment of cancellation and in due time the defendant filed a motion to dismiss the appeal on the ground that the said judgment is purely interlocutory and not such as will cause the plaintiff irreparable injury.
It seems to be agreed, and properly so, that the order of cancellation and erasure of the notice of lis pendens is purely interlocutory in that it does not decide all the points at issue in the case nor is it pretended that it passes on or decides on the merits of the cause. It is definitely not a final judgment. See Code of Practice, Arts. 538, 539. As an interlocutory order or judgment it is not appealable unless it may cause irreparable injury. See Code of Practice, Art. 566.
It is the appellant’s contention that the judgment appealed from not only may, but definitely will, cause irreparable injury if it is not reversed. In its brief appellant states that it does not claim the immovable property allegedly purchased with some of its funds, nor does it ask to be declared to be the owner of said property. It does claim, however, “that Emily Charles has used its money to purchase the immovable claims that it should have a first lien and property which she placed in her name and privilege against the said property to recover its funds used in the purchase” thereof.
As indicated in our statement of the pleadings, plaintiff made an allegation to the effect that it should have a first lien and privilege on the immovable property but it does not state under what law or statute such a lien or privilege is created in its favor, nor does it refer to any law or statute in its brief. It is well recognized in our jurisprudence that liens and privileges are stricti juris and that the party who claims or asserts one must be able to put his finger on the law under which it is granted. Appellant’s complaint that if its notice of lis pendens is cancelled and erased, Emily Charles will be at liberty to dispose of the property to the prejudice of its judgment, should it finally obtain a money judgment against her, is based, of course, on its having some sort of lien on the property, which, as already pointed out, it fails to state on what law such lien is predicated.
The test, in determining whether an interlocutory decree is one which causes or may cause irreparable injury, relates to the effect of the final judgment of the district court, under the pleadings, when it comes before the appellate court for review. “If”, as stated in Fields v. Gagne, 33 La.Ann. 339, “the interlocutory decree complained of, pregnant though it may be with consequences to either party, is of such nature as to be covered by the appeal from the final judgment, and if the decree of the appellate court can restore the parties without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the *792 interlocutory decree * * * the injury is clearly not irreparable * * (Our emphasis.) As in Mann v. Edenborn, 185 La. 154, 168 So. 759, 760, it may be also stated in this case that it is clear that the judgment appealed from is not such as may work irreparable injury because “when the final judgment to be rendered by the district court comes before this court for review, the court in its decree can restore the parties, without loss of any right under the pleadings, to the identical position which they respectively occupied before the interlocutory judgment complained of was rendered * *
We conclude therefore that the interlocutory judgment rendered in this case .is not such as may cause appellant irreparable injury and it was not appealable.
For the reasons stated the motion to dismiss was well taken and the appeal is now 'dismissed at appellant’s costs.