McBRIDE, Judge.
The sole question presented by this appeal is whether defendant is entitled to have the case tried by a jury. The suit was. brought by the City of New Orleans under art. 305 of Sec. 1 of Ordinance 17,525, C.C.S. (the Building Code of the City of New Orleans), which makes it incumbent upon an owner to keep his building in a safe and sound'condition. The City alleges that the structure bearing Municipal Nos. 626 to 628 Mande-ville Street is in a dilapidated condition, is hazardous, and is unsafe for human occupancy and it prays for a mandatory injunction against the owner, Francis A. Williams, compelling him to repair the building, or upon his failure to do so, to demolish it or .cause the same to be demolished. The City further prayed for an order on defendant to show cause why he should not be prohibited from occupying or permitting said building to be occupied until it has been repaired so as to render it safe. Thereupon a rule was issued ordering defendant to show cause why an injunction should not be issued as prayed for in the petition. This rule was made returnable on March 11, 1955.
On the return day of the rulé Williams made no appearance and the judge issued a preliminary injunction restraining him from occupying or permitting the building to be occupied until the necessary repairs are made.
Subsequently, in a supplemental and amended petition the City prayed for a mandatory injunction ordering and directing that the defendant repair the building or demolish it, or that alternatively, the City be given the right to have the building demolished at defendant’s cost. Williams was regularly cited to appear and make answer to this supplemental and amended petition.
The defendant then made appearance and answered, both petitions setting forth various defenses which need not be discussed, and prayed that the case be tried by a jury. The judge below summarily refused to issue the necessary order for jury *412 trial and the defendant has taken this appeal from such refusal. There is no question of defendant’s right to the appeal. Wilson Sporting Goods Co. v. Alwes, La.App., 17 So.2d 382. The record does not affirmatively show that the Supreme Court has appellate jurisdiction and the appeal was properly taken to this court. See State v. Cook, 197 La. 1027, 3 So.2d 114.
A litigant’s right to have his case tried by a jury flows from the provisions of art. VII, Sec. 41, Const. 1921, LSA which niandates the Legislature to enact laws providing for the election and drawing of jurors for the trial of both civil and criminal oases. But nowhere does the Constitution define just what is the province of juries in civil cases and it follows that the Legislature .is vested with that right. See City Bank of New Orleans v. Banks, 1 La.Ann. 418. We know of no statutory provisions in Louisiana setting forth in what particular types of civil actions the parties may demand a trial by jury and the only law which in anywise bears upon this subject matter is C.P. art. 494, which reads :
“The plaintiff who wishes for a jury must pray for the same, either in his original petition, or by a supplemental petition, which must be presented before the suit be set for trial; provided, that all suits against makers and in-dorsers of promissory notes, drawers, indorsers and acceptors of bills of exchange, and generally all suits brought on unconditional obligations to pay a specific sum of money, shall be tried' without a jury, unless the defendant' shall' make oath that his signature to said note, or other obligation, is not genuine, or that he expects to prove that the same had been obtained through fraud or error, or want or failure of consideration, or in cases where the defendant in his answer may set up a plea of compensation or reconvention, and make' oath to the truth of all the allegations in said plea or answer.”
Under the terms of C.P. art. 495, the defendant may avail himself of the same privilege as the plaintiff and pray in his answer for a jury trial provided it be done previous , to the suit being set down for trial.
The exception contained in C.P. art. 494, “that all suits against makers and indorsers of promissory notes, drawers, indorsers and acceptors of bills of exchange, and generally all suits brought on unconditional obligations to pay a specific sum of money” shall be tried without a jury, is not the sole exception for in the Code of Practice there are provisions to the effect that oases which are to be tried in a summary manner, save in cases in which the right to hold or exercise a public office or franchise is involved, are to be decided without the intervention of a jury. C.P. arts. 97, 98, 756 and 757. The Supreme Court excepted still another type of case from the province of a jury trial. In Bickham v. Pitts, 185 La. 930, 171 So. 80, the Court declined to order a jury trial in a partition suit for the reason that the Court believed that a jury of laymen would not be competent to pass upon the issues necessarily involved in partition suits. In Love v. Banks, 3 La. 480, the Court said that the only difference it could gather between the summary and the ordinary trial is that the former need not await its regular term on the docket, but that any, and an early date, may be selected and that a jury is not required. In Palmer v. Palmer, Woolf & Gray, 183 La. 458, 164 So. 245, it was held that a suit by which the liquidation of a partnership was sought was a summary proceeding triable without a jury.
To be included among those matters which are to be heard in a summary manner are cases where the debtor by injunction arrests the sale of a thing seized and no security is required to be given. No jury trial may be had in these. See C.P. arts. 739, 740, 741. King v. Gayoso, 8 Mart.,N.S., 370; Dabbs v. Hemken, 3 Rob. 123; Amacker v. Smith, Harris & Co., 16 La.Ann. 361; McCracken v. Wells, 26 La.Ann. 31.
In Lea v. Orleans Parish School Board, 228 La. 987, 84 So.2d 610, it was held there could be no jury trial in a suit brought under the provisions of the Teachers Tenure Law, LSA-R.S. 17:462, because that statute by vesting in the court the right to conduct *413 a. full hearing to review the action of the school board with the corresponding right to affirm or reverse the action of the -said board, necessarily indicates the legislative .intent that a district judge of a court of competent jurisdiction would be the sole arbiter in the re-examination of the action taken by the school board and to thereby either reverse or affirm said action.
The usual suit for an injunction is not by its nature a summary proceeding which must be tried and adjudicated by the court without the intervention of a jury. We are not cognizant of any statutory provision or jurisprudence which places suits for injunction in the category of summary proceedings, except when the injunction is granted in arrest of the sale of the thing seized and is issued without bond. It is quite true that under LSA-R.S. 13:4062-4071, Act 29 of 1924, temporary restraining orders and preliminary injunctions are summary proceedings and the procedure and practice to be employed and the powers of the court in respect thereto are regulated, but these statutory provisions do not pertain to the suit so far as the issuance of a permanent injunction is concerned, permanent injunctions being final judgments issued only after citation in the regular form and after a trial on the merits of the controversy. See Lambert v. Lass, La.App., 25 So.2d 913.
While we have been able to find nothing in the law which can be construed as .having the effect of designating an injunction suit as a summary proceeding, we do find that there are two decisions of the Supreme Court which appear to be affirmative authority for the proposition that a trial by jury may properly be had in an injunction suit.
In the early case of Cumming v. Police Jury of Rapides, 5 La.Ann. 634, the plaintiff enjoined the sale of a tract of land seized for the payment of a special'tax levied under an ordinance of the police' jury and furnished the bond and security as required by law. Plaintiff subsequently amended his petition after issue was joined and prayed that the matter be heard by a jury. The lower court determined that the case was one ¡which should be tried summarily and without a jury. The court then proceeded to try the case and rendered judgment against plaintiff. On -appeal the Supreme Court reversed the judgment and remanded the case for further proceedings with directions to the district judge to allow the plaintiff a trial by jury as he had requested. The Court said:
“ * * * The only cases of injunction which are to be tried summarily are those in which no security is required to be given. C.P. 739, 740, 741. This not being such a case, the trial by jury is a legal right, of which the plaintiff .could not be deprived. *■ * * ”
In the much later case of Reynolds v. Egan, 123 La. 114, 48 So. 764, 765, the defendant assailed the validity of a judgment and sued out a writ of injunction to restrain its execution which was issued on a $1,500 bond. The defendant requested a jury trial which was granted and the judgment creditor made application to the Supreme Court for an order directing the district judge to rescind his order for the jury trial and to proceed with the.case in a summary fashion. The relator’s application was denied. The Court said:
“ * * * As bond was required, jury ' trial was 'properly granted. Cumming v. Police Jury, 5 La.Ann. 634.”
This case as it now stands is no more or less than an ordinary suit, and there are no issues in it which are so unusual or complicated that a jury of laymen could not understand them or properly pass upon them. The City of New Orleans seeks the aid of the court to have defendant’s property condemned and for an order that he make extensive repairs thereto or else demolish the building in its entirety. We know of no rule of law or any good or valid reason which would deprive defendant of having the case heard by a jury which is a legal right. The trial judge below erred in refusing defendant’s request for the jury.
For the reasons assigned, this case is remanded to the Civil District Court for the Parish of Orleans with instructions that it *414 be placed on the jury docket for trial upon defendant’s compliance with the rules of the court, the matter thenceforth to be proceeded with in accordance with law.
Remanded.