89 So.2d 769 (1956)
SOUTHERN BAPTIST HOSPITAL
v.
Francis A. WILLIAMS.
No. 20695.
Court of Appeal of Louisiana, Orleans.
June 25, 1956.
Rehearing Denied October 15, 1956.
Writ of Certiorari Denied December 10, 1956.
*770 Frank P. Krieger, New Orleans, for defendant-appellant.
Joseph H. Hurndon, New Orleans, for plaintiff-appellee.
JANVIER, Judge.
This is a suit on a promissory note. The defendant filed answer in which he denied liability on various grounds. However he admitted the genuineness of his signature and did not aver that the note was obtained through fraud or error, nor that there had been a want or a failure of consideration. Nor did he present a plea of compensation nor a reconventional demand.
In his answer defendant prayed for trial by jury and deposited the necessary jury fee. Plaintiff, by rule nisi, called upon defendant to show cause why the prayer for trial by jury should not be disregarded and why the matter should not be set for trial on the ordinary docket of the District Court.
There was judgment making the said rule absolute and ordering that the matter be placed on the ordinary docket for trial. From that judgment defendant has appealed.
That there is a right to appeal from a judgment refusing to grant a trial by jury and that such an appeal should be taken to the Court which would hear the appeal on the merits is well settled. City of New Orleans v. Williams, La.App., 86 So. 2d 410. See, also, Wilson Sporting Goods Co. v. Alwes, La.App., 17 So.2d 382 and State v. Cook, 197 La. 1027, 3 So.2d 114, both cited in City of New Orleans v. Williams, supra.
As a result of Articles 494 and 495 of our Code of Practice either plaintiff or defendant is entitled to demand a trial by jury in almost any case except that there is no such right where the suit is on a promissory note or other "unconditional obligation to pay a specified sum of money."
It is argued on behalf of defendant that the note sued on is not an unconditional obligation to pay a specified sum of money for the reason that, although the suit is on what seems to be a note in its usual form and although the maker promises to pay a specified sum of money at a specified time, it contains what counsel refers to as a "condition" under which the specified amount will not be paid except upon the occurrence of the event referred to.
*771 It is best that we set forth the entire document:
"$894.19 21 Feb. 1954
"Thirty days (30) _____ after date I promise to pay to the order of Southern Baptist Hospital at New Orleans, Louisiana eight hundred ninety four Dollars and nineteen cents for value received with interest at the rate of eight per cent per annum from maturity until paid, and fifteen per cent attorney's fees if this note is placed in the hands of an attorney for collection after maturity
 "X Francis A. Williams
"96342
"Son of patient
 plans to sell real estate
 to liquidate this debt."
Counsel for defendant points to the words which appear in the lower left corner of the note and says that they should be interpreted as meaning that the note is not to be paid unless and until the real estate referred to can be sold. We think that no such meaning can be attached to those words.
The note is an unconditional promise and the fact that the maker said that he had real estate which he planned to sell in no way deprived the note of its negotiability and did not constitute a condition on which and only on which the payment of the note was to depend.
As a matter of fact it is evident that the words referred to were not written by the maker of the note and were merely placed there by some one in the office of the plaintiff hospital in order to induce those in authority to accept the note. If they had been intended to be a condition, they would have been worded probably in the first person, "I plan to sell real estate and will pay the note if and when I can sell such real estate." As a matter of fact, the attorney for the defendant very obviously realized that in order to constitute a condition the statement should have been worded in some such language, for apparently, without realizing that he was misreading the words, he said that the note contained a stipulation under which the maker said: "I will pay this note if I can sell certain real estate." That oral statement of counsel is quite different from the written statement which actually appears on the note.
It is well settled, we think, that if, on a note there is a reference to security which is pledged, that reference does not deprive the note of its negotiability. Nor does a statement which is made on the note for the purpose of aiding in the collection of the note deprive it of its negotiability. See Farmers' & Merchants' Bank v. Davies, 144 La. 532, 80 So. 713.
The statement here was merely a statement made for the purpose of aiding the holder of the note in effecting collection or for the purpose of inducing the holder to extend the credit.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.