SARTAIN, Judge.
The plaintiffs and the defendants are the respective owners of adjoining tracts of land located in the Town of Golden Meadow, LaFourche Parish, Louisiana. On or about August 25, 1967 defendants commenced the construction of a barbed wire *437 fence along their common boundary with the plaintiffs.
Plaintiffs filed a possessory action and sought a writ of preliminary injunction, to restrain the defendants from maintaining the fence and “to restore to plaintiffs the possession of said property” during the pendency of litigation and a rule nisi was issued accordingly.
Defendants filed an answer and recon-ventional demand denying plaintiffs possession of the property and seeking a writ of preliminary injunction in their favor enjoining the plaintiffs from interfering with defendants’ peaceful possession of the property and their continued maintenance of the fence. A rule to this effect was also directed to the plaintiffs.
The return dates of the rules were consolidated and after one or two continuances were ultimately heard at which time extensive evidence was offered relative to the construction of the fence, possession by the respective parties, etc. At the conclusion of the hearing the trial judge made the rule sought by the plaintiffs absolute and issued a preliminary injunction as prayed for. The trial judge also recalled and vacated the rule issued at the instance of the defendants. Defendants did not appeal from the order granting the preliminary injunction.
Subsequently, plaintiffs moved to have the matter set on the trial docket and a date was in fact designated. The defendants filed a motion for a continuance on the grounds that the plaintiffs had failed to file responsive pleadings to the recon-ventional demand incorporated in defendants’ answer and therefore the legal issues had not been properly joined. The trial judge granted the continuance subject to a reassignment “at a later date after all issues have been properly joined.” On the same day that defendants sought and obtained a continuance, they filed a supplemental and amending answer to their re-conventional demand by asking for a jury trial.
Plaintiffs then filed another rule endeavoring to have the orders granting a continuance and trial by civil jury set aside. The trial judge declined and plaintiffs now appeal from this latter judgment.
Plaintiffs contend that the hearing on the rule for a preliminary injunction was tantamount to a trial on the merits because when the judge granted their writ for a preliminary injunction, he recognized their possession of the property. We do not agree that the decision of the trial judge in granting the preliminary injunction constituted a ruling on the merits of the case. While there is language in the trial judge’s written reasons for granting a preliminary injunction recognizing plaintiffs as the physical possessors of the property at the time of the institution of this suit, the inescapable conclusion is that the matter then before the court was summary in nature and was limited to the respective prayers for injunctive relief.
Plaintiffs have in fact changed their position because following the order granting the preliminary injunction, they moved the court for a trial date so that this matter could proceed to a hearing on the merits. It is this action on the part of plaintiffs that prompted defendants’ motion for a continuance to which plaintiffs now object.
Article 2083 of the Code of Civil Procedure pertains to appealable judgments and provides that an appeal may be taken from an interlocutory judgment “which may cause irreparable injury”. There is no question but that the orders now appealed are interlocutory.
With respect to the order granting a continuance, this is a matter that addresses itself to the sound discretion of the trial judge. Not only have the plaintiffs failed to file an answer to defendants’ (plaintiffs-in-reconvention) demands which should stand alone as grounds for a continuance when such is timely raised, plaintiffs have failed to show that any irrepar *438 able injury will result to them by the granting of the continuance. Assuming that the granting of a continuance could have proved injurious to the plaintiffs, the better procedure to follow would have been to apply to this court for a writ of review under our supervisory authority. To appeal from an order granting a continuance has the practical effect of perpetuating the order by virtue of the delays inherent in an appeal.
We now turn to the second issue, namely, the granting to defendants a trial by jury. A review of our jurisprudence reflects that an order denying a jury trial, though interlocutory, may cause irreparable injury and is appealable. Southern Baptist Hospital v. Williams, 89 So.2d 769 (Orl.App., 1956, writs denied, 1956). Whereas, an order granting a jury trial is not appealable. Wilson Sporting Goods Co. v. Alwes, 17 So.2d 382 (1st La.App., 1944). In Alwes this court noted that it had been the general practice of the Supreme Court, in the exercise of its supervisory jurisdiction, to force the lower court to grant a jury trial to one of the parties when such a trial had been timely sought but denied. This is in accord with the general proposition that the test in determining whether an interlocutory decree is one which causes or may cause irreparable injury so as to justify an appeal relates to the effect of the final judgment of the district court under the pleadings when it comes before an appellate court for reveiw. Grand Lodge Knights, etc. v. Charles, 224 La. 785, 70 So.2d 684 (1954).
Article 1732 of the Code of Civil Procedure permits either party to the litigation to ask for a jury trial at any time before but not later than ten days after the service of the last pleading directed to the subject at issue. In the instant case the plaintiffs have never filed an answer to defendants’ reconventional demand. Therefore, defendants’ prayer for trial by jury was timely and plaintiffs cannot be heard to complain on this issue.
Accordingly, for the above and foregoing reasons the appeal by plaintiffs from the judgment of the district court refusing to rescind its previous order granting defendants a continuance and a trial by jury is dismissed and this matter is remanded to the district court for further proceedings on the merits. The cost of this appeal is to be borne by plaintiffs-appellants. All other costs are to await a final determination on the merits.
Appeal dismissed and remanded.