328 So.2d 383 (1976)
FIRST NATIONAL BANK OF COMMERCE, NEW ORLEANS, Louisiana
v.
James A. MILLER.
No. 7205.
Court of Appeal of Louisiana, Fourth Circuit.
February 24, 1976.
*384 Ronald J. Hof, James Foley, III, Foley, Judell, Beck, Bewley & Landwehr, New Orleans, for First Nat. Bank of Commerce, New Orleans, Louisiana.
Patrick Breeden and James Hanemann, Jr., Poitevent & Hanemann, New Orleans, for James A. Miller.
Before REDMANN, BOUTALL and MORIAL, JJ.
BOUTALL, Judge.
This matter comes before us on a rather unique procedural situation, that is, both on application for writs of certiorari and on suspensive appeal. At issue is the right of the applicant-appellant to obtain a jury trial in the trial court. In order to better understand the issue before us it is necessary to relate the procedural posture of the case.
The First National Bank of Commerce, New Orleans, Louisiana, filed a petition for executory process against James A. Miller on a promissory note and chattel mortgage. Executory process issued and the defendant's automobile was seized and sold. Alleging that the results of this sale were insufficient to pay the amount due on the note, the bank then filed a petition for deficiency judgment. Miller filed pleadings in response thereto. While this matter was pending, Miller filed a petition for annullment of the judgment of executory process and for damages as a result of wrongful seizure and sale, alleging, among other things, fraud or ill practice in the obtaining of executory process. In this petition Miller requested trial by jury, and an order was signed by the judge of another division of the 24th Judicial District Court, granting trial by jury upon posting the necessary bond, etc. Thereupon, the judge of the division to which the matter was allotted, when he became aware of this order annulled and rescinded the previous jury trial order, stating that the matter sought to be tried is not allowed to be tried by jury under Article 1733 of the Code of Civil Procedure.
Miller then filed notice of intention to apply for writs of certiorari, mandamus or prohibition, as well as a motion and order fixing a time for filing such writs in this court. The judge fixed time for filing the writs to be on or before July 28, 1975. For some unexplained reason, the court caused to issue the next day a notice of hearing on the motion fixing the time to file the writs to be held on the same date, July 28, 1975. Counsel for Miller, apprehensive that the hearing date would pass the time limitation for a suspensive appeal, filed a motion for suspensive appeal which was granted, returnable July 10, 1975. The record was accordingly lodged in this court on the return date and counsel filed herein a Petition for Supervisory Writs or Alternatively Appeal. The entire matter was then set down for hearing in this court.
After consideration of the arguments of counsel, and the record before us, we conclude that we should consider this matter on the application for writs. Our conclusion is based upon two reasons. One is that the application for writs was the first type of appellate review sought. The appeal was only taken as a matter of precaution. The other reason is that we have serious doubts as to the applicability of the appeal from an interlocutory order unless irreparable injury is shown. Code of Civil Procedure Article 2083.[1] We do *385 not discuss this second reason in complete detail because of the result we reach in our consideration of the application for writs. Inasmuch as the issue is presented to us for consideration in two of the three possible modes of review (the other being on an appeal from judgment after trial of the merits). The interest of justice would be served by a review of the matter now, Constitution of 1974, Article 1, § 22, and Article 5, § 10. We are required to render any judgment which is just, legal and proper upon the record on appeal. Code of Civil Procedure, Article 2164.
We now turn to a consideration of the validity of the court's order. The issue presented is not one of timeliness but of the applicability of any of the limitations upon jury trials imposed in Article 1733 of the Code of Civil Procedure. In this proceeding it is urged that the matter before the court is an executory proceeding or a summary proceeding as stated in § 3 of the Article. While it is apparent that the initial proceeding that was filed by the bank against Miller was a petition for executory process, that phase of the litigation has long since passed out of the picture. The order of which appellate review is sought denies the request for jury trial of a petition which seeks to annul that prior executory proceeding on the grounds of fraud, among others, and seeks damages in excess of $100,000 for illegal seizure and sale of Miller's automobile. A suit for damages is of course only subject to regular process and a suit for nullity of judgment on the basis of fraud is similarly ordinary process. The record shows that the named defendant bank was served with citation and a copy of the petition.
Since we are considering this matter under our supervisory powers, we are mindful of the fact that we should not utilize them simply as a substitute for an appeal, but only in extraordinary cases. In the present case, the denial of the right to a jury trial on the assigned basis is so clearly wrong that it admits of little discussion. Since the proceedings have been suspended as a result of the peculiar manner in which this case comes to us, we cast aside our usual hesitancy to interrupt the orderly procedure of the trial court, and we set aside and annul the order of May 29, 1975 complained of herein.
Accordingly we issue Peremptory Writs of Certiorari and Mandamus herein, annuling and setting aside the order of May 29, 1975 and ordering the trial judge to permit jury trial of this matter either under the prior order of May 15, 1975 or such other provisions for posting of bond, etc. as may be reasonable and proper in the premises. This matter is remanded to the trial court for further proceedings in accordance with the views expressed herein. Costs of these proceedings to await a final determination of the case.
Order of May 29, 1975 annulled and set aside and matter remanded.
Annulled, set aside and remanded.
REDMANN, J., concurring.
*386 REDMANN, Judge (concurring):
I concur that plaintiff is entitled to a jury trial.
I do not subscribe to the dictum that review of a refusal of civil jury trial may not be had by appeal.
NOTES
[1] Upon the facts shown in the record, the only damage that would occur from the denial or rescission of the jury order is the passage of time and the possibility that at some future stage of the proceedings the trial judge might order a judge trial which, if then erroneously granted, would cause, if reversed upon appeal, the necessity of going through another trial. The case of Wilson Sporting Goods Company v. Alwes, 17 So.2d 382 (La.App. 1st Cir. 1944) has apparently served as a basis for such a proposition. See City of New Orleans v. Williams, 86 So.2d 410 (La.App.Orl., 1956); Southern Baptist v. Williams, 89 So.2d 769 (La.App.Orl., 1956) and Jennings v. Coleman, 250 So.2d 845 (La.App. 4th Cir. 1971). At the same time, it would appear that there are cases which hold that the granting of a jury trial is not appealable on the same basis. See Plaisance v. Collins, 234 So.2d 436 (La.App. 1st Cir. 1970). Some members of this court are of the opinion that there exists no valid reason for such a distinction, and particularly note the numerous decisions involving change of venue, peremptory exceptions, granting of new trials, etc., which hold that the interlocutory decree which simply requires a party to defend in a perhaps unnecessary trial are not cases involving irreparable injury. To be consistent, the irreparable injury for appellate basis must mean more than being made to engage in an objectionable trial.